Fred MUNN, Petitioner,

v.

The Honorable Pat PATE, Associate District Judge, LeFlore County, State of Oklahoma, and Dean Warren, Asst. District Attorney, LeFlore County, State of Oklahoma, Respondents.

No. A-16846.

Court of Criminal Appeals of Oklahoma.

Sept. 29, 1971.

William D. Mobley, Poteau, for petitioner.

Larry Derryberry, Atty. Gen., Fred Anderson, Ass't. Atty. Gen., for respondents.

NIX, Judge:

This is an original proceeding in which the petitioner seeks a writ of prohibition to prevent prosecution on a charge of Murder in the District Court of LeFlore County through application of the collateral estoppel doctrine.

On July 21, 1970, Iva Munn and her son, Douglas Moore, died of gunshot wounds inflicted on that date within minutes of each other at about 9:30 P.M. Iva Munn was shot inside a country store and gas station in the town of Pocola, Oklahoma, operated by her and the petitioner, her husband. Douglas Moore, step-son of the petitioner, was shot in front of the store. Petitioner was arrested at the scene of the killings and was charged with the murder of Iva Munn, Case No. CRF–70–83; and the murder of Douglas Moore, Case No. CRF–70–84.

Petitioner went to trial in Case No. CRF–70–83 for the murder of Iva Munn, and the jury returned a verdict on May 22, 1971, finding petitioner "not guilty by reason of insanity." Petitioner was then held for the murder of Douglas Moore, Case No. CRF–70–84. Petitioner moved the district court to dismiss CRF–70–84, claiming that the verdict in CRF–70–83 was a bar under the collateral estoppel doctrine of the Fifth Amendment announced in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1187, 25 L.Ed.2d 469 (1970).

The District Court of LeFlore County, in denying petitioner's motion to dismiss, found that the shootings were within "an extremely short time," and ruled:

"I think this is going to be classified as a single episode and if he [petitioner] can't be tried on this case [CRF–70–84] that the Court of Criminal Appeals in Oklahoma should say that and not an associate district judge on the far side of the State to extend the law of Ashe v. Swenson."

In Ashe v. Swenson, supra, the United States Supreme Court held the federal rule of collateral estoppel was embodied in the Fifth Amendment guaranty against double jeopardy which is binding on state criminal trials by virtue of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. In *Ashe,* the Court stated the applicable rule as follows:

"'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. * * *

* * * Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *397 U.S. at 443–444, 90 S.Ct. at 1194.*

In Ashe v. Swenson, supra, six men engaged in a poker game were robbed by three or four masked gunmen. After being acquitted of the robbery of one of the victims by a verdict of "not guilty due to insufficient evidence," the defendant Ashe was tried for the robbery of one of the other robbery victims. The Supreme Court set aside defendant's conviction in the second trial holding that since the single issue in dispute before the jury on the first trial was whether defendant had been one of the robbers, the collateral estoppel rule barred a subsequent trial on that same issue.

We have previously applied the collateral estoppel rule of Ashe v. Swenson, supra, in

Hawk v. Mills, Okl.Cr., 476 P.2d 86 (1970).

The facts in the present case establish that Iva Munn was shot inside the store just a few minutes after Douglas Moore was shot outside the store at approximately 9:30 P.M. on July 21, 1970, by the petitioner using the same firearm. There was no significant time difference between the shooting of the two victims. One witness testified petitioner stated he "went over there to kill them all and then kill myself." After the shooting of the second victim, Iva Munn, a bystander disarmed the petitioner and held him for the police.

Under the facts herein it seems apparent that petitioner's mental capacity was the same at the time of both shootings. If the petitioner was insane when he shot Iva Munn, he was also insane when he shot Douglas Moore minutes before. It was, as the district court found—one episode—so close in time and place, that the jury's verdict of not guilty by reason of insanity forecloses subsequent litigation of that same issue. The petitioner was found to be insane on the night of July 21, 1970, at approximately 9:30 P.M., and that issue of ultimate facts may not be litigated again or petitioner placed in jeopardy again thereby.

Accordingly, we hold that the jury's verdict in LeFlore County Case No. CRF–70–83 finding petitioner not guilty by reason of insanity, is a collateral estoppel bar under the Fifth Amendment, to his trial in Case No. CRF–70–84 on the question of guilt.

Writ granted.

BRETT, J., concurs.

BUSSEY, Judge (specially concurring):

I concur that the application of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1187, 25 L.Ed.2d 469 (1970) bars a trial of the defendant on the issue of his guilt or innocence. However, I believe the District Court of LeFlore County retains jurisdiction over petitioner to allow a jury to hear evidence and determine whether petitioner should be committed to a state hospital for the insane until legally discharged therefrom. 22 O.S.1961, § 1161. There is nothing in the majority opinion which would prevent such a proceeding.