579 P.2d 790

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Alex GARCIA, Defendant-Appellant.**

**No. 11404.**

Supreme Court of New Mexico.

May 15, 1978.

Steven H. Schiff, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Michael Eloy Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

The defendant was charged in two counts of a single indictment with having committed two armed robberies. Count I of the indictment charged an armed robbery committed "on or about the 21st day of September, 1976," and Count VIII of the indictment charged an armed robbery committed "on or about the 22nd day of September, 1976." The defendant was tried and convicted by jury verdict of both armed robberies in one criminal proceeding in the Bernalillo County District Court. For the September 21st armed robbery charged in Count I of the indictment the trial judge sentenced the defendant to 10 to 50 years in the penitentiary. A firearm enhancement penalty, § 40A–29–3.1, N.M.S.A.1953 (Supp. 1975), increased this term of imprisonment to 15 to 55 years. For the September 22nd armed robbery charged in Count VIII of the indictment the trial judge sentenced the defendant to life imprisonment. This latter sentence was entered over the objection of defense counsel. The defendant does not challenge the validity of his convictions. Nor does he challenge the 15 to 55 year sentence imposed upon him for the armed robbery charged in Count I of the indictment. This appeal is directed solely to the sentence of life imprisonment imposed upon the defendant for his conviction under Count VIII of the indictment.

Whether the trial judge acted properly in sentencing the defendant to life imprisonment for his conviction of the September 22nd armed robbery depends upon the meaning of § 40A–16–2, N.M.S.A.1953 (Supp.1975), under which the defendant was sentenced. Section 40A–16–2 reads:

> Robbery.—Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.
>
> Whoever commits robbery is guilty of a third degree felony.
>
> Whoever commits robbery while armed with a deadly weapon is, *for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.* (Emphasis added.)

The validity of the trial court's sentence of life imprisonment is determined by the emphasized portion of the above statute. The precise question presented for review is this: May the enhanced penalty provisions of § 40A–16–2 be invoked against a defendant on the basis of multiple convictions returned under separate counts of a single indictment in one criminal proceeding? The trial judge was of the view that the September 21st armed robbery charged in Count I of the indictment was a "first offense" and the September 22nd armed robbery charged in Count VIII of the indictment was a "second offense" and therefore a first degree felony calling for a sentence of life imprisonment. We do not agree with the trial judge's interpretation of the statute.

A more severe punishment on conviction for a second offense is deemed highly penal and therefore must be strictly construed. *United States v. Lindquist,* 285 F. 447 (W.D.Wash.1921); *State v. Johnson,* 109 N.J.Super. 69, 262 A.2d 238 (1970). Guided by this rule, the judicial construction of "subsequent offender statutes" similar to the one presented for review in this case has been nearly uniform in its results. "Numerous cases involve the construction of statutes enhancing the penalty for second and subsequent offenses, and it is generally held (although there is some authority to the contrary), that such statutes

are to be construed as meaning that the second offense, in order to be available for the purpose of increasing the penalty, must have been committed subsequently to the commission and conviction of the first offense." Annot., 24 A.L.R.2d 1247, 1252 (1952); A.L.R.2d *Later Case Service* 914 (1970 and Supp.1977).

We are in accord with the general rule stated above, and hold this to be the meaning of § 40A–16–2: Any armed robbery offense committed subsequent to a conviction for armed robbery is a first degree felony calling for the enhanced penalty contemplated by the statute. The fact that the defendant was convicted in one criminal proceeding of two armed robberies charged under separate counts of one indictment is not sufficient to invoke the increased penalty provision of the statute. This view is predicated on the premise that such a statute is intended to serve as a warning to first offenders and to provide increased punishment for those who persist in violations of the law after having been formally convicted. *State v. Johnson, supra; Johnson v. State,* 118 Ga.App. 448, 164 S.E.2d 353 (1968).

New Mexico decisions have considered multiple convictions in relation to an enhanced sentence under our Habitual Offender Act, § 40A–29–5, N.M.S.A.1953 (Repl.1972). Where multiple convictions occur, and there are no prior felony convictions, none of the sentences is enhanced; rather, the regular sentence is imposed for each of the convictions. *State v. Baker,* 90 N.M. 291, 562 P.2d 1145 (Ct.App.1977). By analogy, this rule has been applied to other New Mexico "subsequent offender" statutes similar to the one presented for construction in this case. In *State v. Ellis,* 88 N.M. 90, 537 P.2d 698 (Ct.App.1975), the Court of Appeals had occasion to interpret § 40A–29–3.1, *supra.* That statute provided, at the time of the *Ellis* decision, that whenever a separate finding of fact shows a firearm was used in the commission of any crime constituting a *second or subsequent felony,* other than a capital felony, the imposition or execution of a sentence was not to be suspended, nor was parole to be granted, unless one-half of the minimum sentence provided for the offense had been served. In *Ellis, supra,* the Court of Appeals held that for there to be a "second or subsequent felony" within the terms of this statute there must have been a conviction preceding the commission of the offense to which application of the statute is sought. *See also State v. Martinez,* 89 N.M. 729, 557 P.2d 578 (Ct.App.1976), *cert. denied,* 90 N.M. 8, 558 P.2d 620 (1976).

The rule announced by us in this case is consistent with New Mexico case law and the vast majority of the cases from other jurisdictions. The judgment of the trial court is reversed as to the sentence imposed upon defendant for his conviction under Count VIII of the indictment. Where an invalid sentence is imposed following a legal conviction, the prisoner is to be directly remanded to the proper court for a valid sentence. *French v. Cox,* 74 N.M. 593, 396 P.2d 423 (1964). This cause is remanded to the trial court so that defendant may be sentenced as a first offender under the terms of § 40A–16–2. Nothing in this opinion is intended to preclude the trial judge from imposing consecutive or concurrent sentences under Counts I and VIII of the indictment as he in his discretion determines. *State v. Padilla,* 85 N.M. 140, 509 P.2d 1335 (1973); *State v. Burrell,* 89 N.M. 64, 547 P.2d 69 (Ct.App.1976).

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.