609 P.2d 1241

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Antonio Felipe VALENZUELA,
Defendant-Appellant.**

No. 3814.

Court of Appeals of New Mexico.

May 29, 1979.

Rehearing Denied June 14, 1979.

Writ of Certiorari Granted Aug. 1, 1979.

Richard N. Shapiro, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael A. Kauffman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

ANDREWS, Judge.

This appeal from an habitual offender conviction questions whether § 31–18–5, N.M.S.A. 1978, requires proof that defendant committed the subsequent offense after the prior conviction upon which the enhanced sentence is based. The provision does require such construction. Consequently, we reverse and remand.

A Supplemental Criminal Information filed pursuant to § 31–18–5, *supra*, charged two felonies: (1) a July 12, 1974, conviction for aggravated assault in Eddy County; and (2) a second degree murder conviction in Dona Ana County on May 5, 1978. Pursuant to this information, defendant was tried by a jury as an habitual offender. The Judgment and Sentence, Criminal Information and Amended Criminal Information from the 1974 conviction were admitted into evidence, along with testimony proving the identity of defendant as the person convicted of aggravated assault in Eddy County. The State then called a criminal investigator with the Dona Ana County Sheriff's Department who testified that he investigated the death of Rosa Flores, the victim involved in defendant's May 5, 1978 conviction. The defendant objected, on the grounds of relevancy, to the question "When did she die?" and the objection was sustained. The witness then asserted that he had testified at the murder trial and that he was present when the verdict of guilty to second degree murder was returned. He then made an in-court identification of the defendant. Another sheriff's department investigator who had also investigated the death of Rosa Flores confirmed this identification of defendant.

The State then rested and the defense presented no evidence but moved for a mistrial on the grounds of improper judicial comment. This motion was denied. The defense also moved for a directed verdict on the grounds that "there is no evidence presented that he was convicted in any particular felony in this State and was [sic] and thereafter committed another felony for which he was later convicted." This motion

was also denied. The jury subsequently found the defendant to be an habitual offender. Defendant contends that there was insufficient evidence to establish that he was an habitual offender.

Section 31–18–5, N.M.S.A. 1978, Sentence of habitual offenders, provides in part:

Any person who, after having been convicted within this state of a felony, . . *commits* any felony within this state not otherwise punishable by death or life imprisonment, shall be punished as follows: A. upon conviction of such second felony, . . . then such person must be sentenced to imprisonment for a term not less than half of the longest term, nor more than twice the longest term prescribed upon a first conviction; . . . . (Emphasis added.)

■ For a sentence to be enhanced under this section, there must have been a felony conviction prior to the commission of the offense for which the enhanced sentence is sought. *State v. Linam*, 93 N.M. 307, 600 P.2d 253 (1979). This requirement furthers the remedial purpose of the statute which is to provide an increased penalty to deter commission of a subsequent offense. The statute requires proof that the subsequent felony was committed after the conviction for the prior felony. Therefore, in order to justify imposition of the enhanced sentence the State is required to prove a specific sequence of "commissions" and "convictions." *See State v. Baker*, 90 N.M. 291, 562 P.2d 1145 (Ct.App.1977). *Compare State v. Sanchez*, 87 N.M. 256, 531 P.2d 1229 (Ct.App.1975).

■ While the State presented ample evidence to establish the date of the acts upon which the aggravated assault conviction was based, and evidence as to the date of the 1974 conviction, it presented evidence establishing only the date of the 1978 conviction, thereby failing to establish the date of the offense upon which the 1978 conviction was based.

The State asserts that regardless of this fact, sufficient evidence exists to show that defendant committed the subsequent act of second degree murder after having been found guilty of a prior felony, and in support of this argument, suggests that the facts presented allow one to infer the date of the commission of the second crime. Such an exercise in logic is not persuasive. "It calls for speculation. There is a reasonable hypothesis that the real facts may not support the conclusion advanced." *State v. Linam, supra.*

■ Next, the State asserts waiver by defendant in any lack of proof which occurred was the fault of defendant, specifically noting the court's refusal, upon defendant's objection, to allow testimony as to the date of the victim's death. The record reveals no effort by the prosecution to rebut the objection, to offer a tender of proof or to subsequently establish the date of the occurrence. The burden is on the State to establish every essential element of its case. *State v. Ramirez*, 89 N.M. 635, 556 P.2d 43 (Ct.App.1976). In this instance, the State failed to establish the date of the commission of the offense giving rise to the habitual offender proceeding, an essential element in such a prosecution.

■ Finally, the State alleges that the only issue before the jury in an habitual offender proceeding is the identity of the defendant. Relying on cases which discuss proof of "invalidity" of the prior offenses, a defense to an habitual charge, the further assertion is made that proof of "sequence" is also a question of law to be decided by the trial court. *See State v. Garcia*, 91 N.M. 664, 579 P.2d 790 (Ct.App.1978); *State v. O'Neil*, 91 N.M. 727, 580 P.2d 495 (Ct. App.1978); *State v. Dawson*, 91 N.M. 70, 570 P.2d 608 (Ct.App.1977); *State v. Gallegos*, 91 N.M. 107, 570 P.2d 938 (Ct.App. 1977). These cases recognize that upon proof of a prior conviction, the State has established a prima facie case, and the burden is on the defendant to raise the issue of invalidity by presenting evidence tending to show defects in that conviction. A similar procedure cannot be applied in establishing the sequence of crimes and convictions in an habitual proceeding. The determination of the validity of the prior conviction necessar-

ily involves a determination that various legal prerequisites have been satisfied prior to rendering a conviction. *See, e. g., State v. Gallegos, supra.* When a question of "sequence" is raised, the only relevant determination is the factual question of when the subsequent act occurs. Thus, "sequence" depends upon evidence actually presented to the jury.

 The State, relying on *State v. Sanchez, supra,* and *State v. Martinez,* 92 N.M. 256, 586 P.2d 1085 (1978), asserts that because "identity" is the only issue to be determined by the jury in the habitual proceeding, it has established its prima facie case by proving the prior convictions and therefore, the trial judge correctly imposed the enhanced sentence. Section 31–18–7, N.M.S.A. 1978 requires that the jury find that the defendant "is the same person and that he has in fact been convicted of such previous crimes as charged." Thus, the habitual offender law provides the defendant the right to a separate trial before a jury where the State is required to prove the identity of the accused as the person alleged to have been convicted of the former crime. *State v. Tipton,* 77 N.M. 1, 419 P.2d 216 (1966); *Lott v. Cox,* 75 N.M. 102, 401 P.2d 93 (1965). These cases and the statute indicate that "identity" includes two elements: first, that the defendant is the same person as the person previously convicted; and, second, that he has been convicted of the prior crimes identified in the supplemental information. We therefore conclude that "sequence" is an element of the State's case and not a defense to be raised and established by the defendant. *State v. Linam, supra; State v. Silas,* 92 N.M. 434, 589 P.2d 674 (1979). The State's failure to establish the sequence of the crimes is therefore a failure of proof. However, because an habitual proceeding involves only sentencing, not trial of an "offense," jeopardy does not attach as a result of such failure of proof. *State v. Linam, supra.* We therefore reverse and remand for a new trial.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.