610 P.2d 744

**STATE of New Mexico, Petitioner,**

v.

**Antonio Felipe VALENZUELA,
Respondent.**

No. 12606.

Supreme Court of New Mexico.

April 11, 1980.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha A. Daly, Asst. App. Defender, Santa Fe, for respondent.

## OPINION

FELTER, JUSTICE.

Defendant-Respondent Antonio Felipe Valenzuela (Valenzuela) was convicted and sentenced to a term of imprisonment of not less than twenty-five years, nor more than one hundred years under the Habitual Offender Statute, Section 31–18–5, N.M.S.A. 1978 (current version at Section 31–18–17, N.M.S.A.1978 (Cum.Supp.1979)). The Court of Appeals reversed the judgment and disposition by the trial court, and the case is now before this Court on a writ of certiorari. We affirm the decision of the Court of Appeals.

Two issues confront us in this case: (1) whether the rule in *State v. Linam*, 93 N.M. 307, 600 P.2d 253 (1979), decided by this Court on January 11, 1979, is applied retrospectively; and (2) whether the evidence supports sentencing under the Habitual Offender Statute.

(1) Valenzuela was charged by Criminal Information (a) with having been convicted on July 12, 1974, in Eddy County of the crime of aggravated assault, a felony, and (b) with having been convicted on May 5, 1978, in Dona Ana County of second degree murder. The proof identified Valenzuela as the person who committed and was convicted of aggravated assault in Eddy County. Further, it was testified to by an Eddy County police officer that the crime was committed on January 24, 1974. The record is devoid of proof as to when the second degree murder was committed, for which Valenzuela was convicted on May 5, 1978.

On September 5, 1978, the jury found Valenzuela to be an habitual offender as charged in the Criminal Information. Upon this state of the record the trial judge, on September 6, 1978, made final disposition

by imposing upon Valenzuela, as a two-time felon, the enhanced sentence for second degree murder under the Habitual Offender Statute. The appeal of that enhanced judgment and sentence was not decided by the Court of Appeals until May 29, 1979.

 *Linam* was decided on January 11, 1979. We hold that the new rule of law in *Linam* was intended to operate prospectively only. Therefore, the case at bar is governed by the new rule of law set forth in *Linam* on January 11, 1979.

(2) Under *Linam,* 93 N.M. at 309, 600 P.2d at 255, the required proof in order to support findings of fact in habitual offender sentencing is as follows:

> Thus the use of the words "upon conviction of such second felony" or "third felony" as used in the statute must be held to mean felonies committed subsequent to the dates of the convictions relied on to effect an increase of the penalty.

 There is no proof as to the date of commission of the second degree murder by Valenzuela that meets the test in *Linam* as above quoted.

In *State v. Rogers,* 93 N.M. 519, 521, 602 P.2d 616, 618 (1979), we set forth the test of retrospectivity as follows:

> The question of whether or not a rule of law is applied retrospectively arises only for causes that have been finalized. Cases are finalized only when "there has been a judgment of conviction, sentence *and exhaustion of rights of appeal.*" (emphasis added). *State ex rel. La Follette v. Raskin,* 30 Wis.2d 39, 48, 139 N.W.2d 667, 672 (1966). (Other citations omitted and additional emphasis added.)

While certiorari is a prerogative writ (§ 34–5–14, N.M.S.A.1978; N.M.R.Crim. App. 603, N.M.S.A.1978), Valenzuela had "rights of appeal" to the Court of Appeals (§ 39–3–3, N.M.S.A.1978), which were not exhausted until that appeal was finalized by the Court of Appeals on May 29, 1979. By that date, *Linam* had been the rule of law for over four months and is applicable to this case.

In *Linam* we further held that an habitual proceeding involves only sentencing, not trial of an "offense", and therefore no double jeopardy bar to the retrial of an habitual offender proceeding attaches.

We affirm the decision of the Court of Appeals and remand this case with instructions to the trial court to vacate the enhanced judgment and sentence and to proceed in a manner consistent with this opinion.

SOSA, C. J., and EASLEY, PAYNE and FEDERICI, JJ., concur.