633 P.2d 712

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Orlando HERNANDEZ,
Defendant-Appellant.**

**No. 4780.**

Court of Appeals of New Mexico.

March 5, 1981.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for appellee.

John B. Bigelow, Chief Public Defender, Andrea L. Smith, Asst. Appellate Defender, Santa Fe, and Joseph Gant, Carlsbad, for appellant.

## OPINION

HERNANDEZ, Chief Judge.

Defendant was convicted on three counts of fraudulent use of a credit card. A supplemental information was then filed, charging him under the Habitual Offender Act with having been convicted of a prior robbery in California. The jury found against defendant on the issue of identity and he appeals. We affirm.

The first issue on appeal relates to admission of an eighteen page document containing information given to California police about the robbery. Defendant objected to admission on the grounds that the material was irrelevant and immaterial. The objection was overruled, and defendant now argues that his conviction should be reversed because the exhibit was irrelevant and prejudicial.

Habitual criminality is a status rather than an offense, so allegations of prior convictions do not constitute a charge of a distinct crime but only relate to the punishment. *State v. Lujan*, 90 N.M. 103, 560 P.2d 167 (1977). Unless the defendant raises the validity of the prior conviction as a defense, there are two issues to be determined in an habitual offender proceeding: (1) whether there was a prior felony conviction and (2) whether the defendant is the same person who was convicted of the prior felony. *See State v. Martinez*, 92 N.M. 256, 586 P.2d 1085 (1978). The exhibit which was admitted into evidence related to those two points, and so was relevant. Because the habitual offender proceeding was not being conducted to determine defendant's guilt or innocence of the felony charge, the evidence which went beyond his identity and prior conviction was harmless error. *State v. Wright*, 84 N.M. 3, 498 P.2d 695 (Ct.App.1972). Knowing the details of the prior conviction did not prejudice defendant before the jury when the only issues considered were those of identity and prior conviction.

The second issue on appeal relates to the sufficiency of the evidence regarding defendant's prior conviction. Section 31–18–17(B), N.M.S.A. 1978 (1980 Cum.Supp.), provides as follows:

Any person convicted of a noncapital felony in this state who has incurred one prior felony conviction which was part of a separate transaction or occurrence is a habitual offender and his basic sentence shall be increased by one year, and the sentence imposed by this subsection shall not be suspended or deferred.

The State's exhibits showed that defendant was convicted of robbery in California in 1975. Defendant was convicted in New Mexico on February 1, 1980, of fraudulent use of a credit card. The evidence thus shows different crimes in different states with different dates of conviction. This is sufficient evidence for the jury to find beyond a reasonable doubt that the California conviction was prior to the New Mexico conviction, and that it was part of a separate transaction or occurrence. *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978).

IT IS SO ORDERED.

ANDREWS, J., concurs.

HENDLEY, Judge (dissenting).

I dissent.

The instructions given in this case are the law of the case and those instructions were very explicit. The instructions set forth the specific dates of the commission of the crimes. Furthermore, the verdicts also contained the specific dates. Under *State v. Dominguez*, 91 N.M. 296, 573 P.2d 230 (Ct. App.1977), an instruction requiring more

than the law would be the law of the case and that would be to test to satisfy the sufficiency of the proof. *State v. Martin*, 90 N.M. 524, 565 P.2d 1041 (Ct.App.1977); *State v. Rogers*, 83 N.M. 676, 496 P.2d 169 (Ct.App.1972).

The defendant is correct when he said that the dates of the New Mexico conviction were never established. The prosecutor who prosecuted the New Mexico conviction took the stand and identified Exhibits 2, 4, 5 and 6. This was all that was identified. No place in the transcript do we find anything referring to the dates of the commission of the New Mexico offense. Hence, in this regard, the defendant's position is correct and, under the instruction given regardless of what might have been the proper law, the State failed to establish the date of the offense in New Mexico. Although the supplemental criminal information did spell out all the dates, it was not evidence. The case should be reversed.