633 P.2d 693

**Orlando HERNANDEZ, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**STATE of New Mexico, Petitioner,**

v.

**Billy Ray HUGHES, Respondent.**

**Nos. 13593, 13684.**

Supreme Court of New Mexico.

Aug. 31, 1981.

Jeff Bingaman, Atty. Gen., Carol Vigil, Clare E. Mancini, Asst. Attys. Gen., Santa Fe, for State of New Mexico.

Steven Quinn, Clovis, for respondent Hughes.

Martha A. Daly, Appellate Defender, Andrea L. Smith, Asst. Appellate Defender, Santa Fe, for petitioner Hernandez.

## OPINION UPON CERTIORARI

FEDERICI, Justice.

The original Opinion Upon Certiorari by this Court filed August 10, 1981 is withdrawn and this Opinion substituted therefor.

Certiorari was granted by this Court in *Hernandez v. State*, (Ct.App. No. 4780), and *State v. Hughes*, (Ct.App. No. 5008), and the cases have been consolidated for purposes of this opinion. In *Hernandez v. State*, the Court of Appeals did not cite or discuss *State v. Linam*, 93 N.M. 307, 600 P.2d 253 (1979).

In order to avoid some confusion which may have arisen by the opinions in those two cases, we granted certiorari for review.

The issue involved is whether the rule relating to habitual criminals announced in *State v. Linam* is still in effect or whether the rule announced in *Linam* has been overruled or otherwise changed by Section 31–18–17, N.M.S.A. 1978 (Cum.Supp.1980), enacted after *Linam*.

We hold that *Linam* is still the law applicable to habitual offender proceedings and that Section 31–18–17 has not changed the result reached in that case. Judge Hendley's opinion in *State v. Hughes* is an exhaustive and excellent analysis of the issue involved.

Habitual offender proceedings are statutory. The only reason the defendant is entitled to a jury in habitual offender proceedings is because the statute provides for it. Section 31–18–20, N.M.S.A. 1978 (Cum. Supp.1980). *See State v. Linam, supra*, wherein we held that a habitual offender proceeding involved only sentencing and was not a trial, so jeopardy did not attach. Section 31–18–20(C) states:

> If the jury finds that the defendant is the same person and that he was in fact convicted of the previous crime or crimes charged, the court shall sentence him to the punishment as prescribed in Section 31–18–17, NMSA 1978.

This is the only question which must be submitted to the jury upon defendant's demand. The sequence of commission-conviction may be determined by the trial judge similarly to questions raised concerning the validity of prior convictions. *See State v. Martinez*, 92 N.M. 256, 586 P.2d 1085 (1978). *State v. Valenzuela*, 94 N.M. 285, 609 P.2d 1241 (Ct.App.1979), *affirmed*, 94 N.M. 340, 610 P.2d 744 (1980), insofar as it conflicts with this opinion, is hereby overruled.

We hereby affirm and adopt in full the opinion of the Court of Appeals in *State v. Hughes*. *Hernandez v. State* is hereby reversed and remanded to the trial court to determine whether the proper sequence of commission and conviction of the crimes occurred under the rule announced in *State v. Linam, supra*.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and PAYNE and RIORDAN, JJ., concur.