Joseph Franklin BUCKALOO, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–421.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1982.

**886**

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Joseph Buckaloo, was convicted by a jury of the offense of Robbery in the First Degree, After Former Conviction of Two or More Felonies. The case was tried in the Oklahoma County District Court and the appellant was sentenced to ninety-nine (99) years' imprisonment.

On January 10, 1981, Donna Travers was employed as the night checker for the Always Here grocery store in Oklahoma City. She testified that at approximately 3:20 a.m., the appellant, Buckaloo, and another man entered the store. Buckaloo stood by the door while the other person purchased a soda. When Ms. Travers opened the cash register, Buckaloo walked behind the counter and stuck something into her side and demanded all the money in the register. Buckaloo held the witness while the "customer" took the money from the cash register. The pair then left. At trial, Ms. Travers identified the appellant as her assailant.

Kelly Steen, the co-defendant, testified that he and Buckaloo committed the robbery and corroborated Ms. Travers' account of the robbery.

## I

The first question for consideration is one of first impression. The appellant argues that the trial court erred in failing to suppress the appellant's prior felony convictions in Cases No. CRF–76–442, CRF–76–656, and CRF–76–657. The appellant asserts that the State was collaterally estopped from introducing these prior convictions to enhance his punishment.

In 1979, Case No. CRF–79–2853, the appellant was charged with Attempted Burglary in the Second Degree, After Conviction of Two or More Felonies. In the first stage the jury found Buckaloo guilty of Attempted Burglary. In the second stage of that trial, the State introduced evidence of three prior felony convictions to support the after former conviction of a felony charge. (CRF–76–442, CRF–76–656, CRF–76–657). The jury in that case, found Buckaloo guilty only of attempted burglary in the second degree. The jury declined to find Buckaloo guilty on the after former conviction of a felony charge. Buckaloo concludes that the jury's refusal in CRF–79–2853 to find him guilty on the after former conviction charge based upon cases CRF–76–442, CRF–76–656 and CRF–76–657 acts as an acquittal and collaterally estops the State from using these three convictions for enhancement purposes in all subsequent prosecutions. We disagree.

■ Under the collateral estoppel doctrine, when an issue of ultimate fact has

once been determined by a valid and final judgment, that issue cannot be relitigated between the same parties in any future law suit. *Munn v. Pate,* 489 P.2d 534 (Okl. Cr. 1971).

The determination of whether a convicted criminal should be punished as a habitual criminal is clearly not a determination of the ultimate fact. This Court stated, in *Jordon v. State,* 327 P.2d 712 (Okl. Cr. 1958), providing enhanced punishment for second and subsequent offenses does not create or define a new or independent crime, but describes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction—that habitual criminality is a status, and not a crime. Other jurisdictions are in apparent agreement. See, *State v. Hernandez,* 96 N.M. 604, 633 P.2d 712 (Ct. App. 1981); *Montgomery v. Bordenkircher,* 620 F.2d 127 (6th Cir. 1980).

The jury's role in the second stage of the bifurcated proceeding is not to determine the validity of the prior convictions. That duty or privilege is properly accorded to the appellate courts. Instead, the jury is to determine whether the defendant had former convictions, and, if so, the amount of punishment he should be accorded as a result of the former convictions.

▪ Thus, the jury's decision not to enhance appellant's punishment is not an attempt to invalidate the prior convictions, but is merely their refusal to apply the previous convictions against appellant to enhance punishment. The ultimate fact as to the validity or existence of previous convictions is not determined by the jury. Therefore, the doctrine of collateral estoppel does not prohibit the State from utilizing the same prior felony convictions in subsequent prosecutions.

We conclude that a jury's refusal to consider prior convictions for enhancement purposes does not invalidate the prior conviction(s) or prevent them from being considered in subsequent prosecutions.

## II

The appellant asserts that the trial court erred in declining to give the jury his requested cautionary instructions on eyewitness identification.

In *Richardson v. State,* 600 P.2d 361 (Okl. Cr. 1964), this Court stated that a cautionary instruction should be given where the witness lacked the opportunity to observe the assailant, where a witness was not positive of his identification, or where the identification was weakened by either qualification or a failure to identify the defendant on a prior occasion.

In *Hall v. State,* 565 P.2d 57 (Okl. Cr. 1977), we listed several factors which lessen the need for a cautionary instruction: 1) if there was a good opportunity for positive identification; 2) if the witness is positive in his identification; 3) if the identification is not weakened by prior failure to identify; and 4) if the witness remains positive in the identification even after cross-examination.

▪ In this case, we find that a cautionary instruction by the trial court was not necessary. The eyewitness, Donna Travers, observed the appellant in the lighted store for approximately two minutes. Further she paid special attention to him because of his unusual behavior prior to his entrance into the store. The witness was positive in her identification of Buckaloo and did not at any time fail to identify him as her assailant. Ms. Travers testified during an in-camera hearing that she was certain of her identification. Therefore, the trial court did not err in failing to give a cautionary instruction on eyewitness identification.

## III

The appellant contends that during the prosecutor's closing argument in the enhancement stage of the bifurcated proceedings, the following portion of the proceedings was improper and prejudicial. The prosecutor argued:

Mr. Blasdel: This jury was picked by the defense . . .

The court's instructions say you should decide on the sentence without prejudice. I wonder why he exercised those peremptories.

We have carefully examined this comment in relation to the entire record. We find that the comment did not effect the jury's decision to convict the appellant on the "after former conviction" charge. This Court further holds, in light of the overwhelming evidence that this isolated comment did not influence the jury's decision to sentence the appellant to ninety-nine (99) years' imprisonment. This sentence is not excessive under the facts and circumstances of this case.

## IV

In his final argument the appellant asserts that 21 O.S. 1981, § 51 (Habitual Criminal Act) was enacted in statute which violates the prohibition against multi-subject legislation in Article 5, § 57 of the Oklahoma Constitution. We upheld the constitutionality of Section 51 of the Oklahoma Statutes in *King v. State,* 640 P.2d 983 (Okl. Cr. 1982). We find this case to be dispositive.

The judgment and sentence is AFFIRMED.