717 P.2d 591

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Albert BEJAR, Defendant-Appellant.**

**No. 8173.**

Court of Appeals of New Mexico.

Sept. 26, 1985.

Certiorari Quashed April 15, 1986.

Janet E. Clow, Chief Public Defender, David Stafford, Appellate Defender, Santa Fe, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of trafficking in a controlled substance. His conviction was affirmed on appeal. *State v. Bejar,* 101 N.M. 190, 679 P.2d 1288 (Ct.App.1984). While the appeal was pending, the prosecutor moved to enhance defendant's sentence on the basis that the current conviction was a second trafficking offense. *See* NMSA 1978, § 30–31–20(B)(2) (Repl.Pamp.1980). After the appeal was decided the trial court enhanced the sentence, but only by one year, on the basis that the enhancement provisions for habitual offenders, NMSA 1978, Section 31–18–17 (Cum.Supp.1984), controlled. This court summarily reversed and remanded for resentencing on the basis that Section 30–31–20 was the applicable enhancement provision for a second conviction for trafficking. The trial court then applied the enhancement provisions of Section 30–31–20 and sentenced defendant to a penitentiary term of eighteen years. Defendant's appeal raises the following issues: (1) sufficiency of the proof for enhancement under Section 30–31–20; (2) jurisdiction to change the sentence; (3) whether differences in statutory procedure deprived defendant of equal protection; (4) notice and jury trial under Section 30–31–20(B)(2); (5) unauthorized sentence; and (6) two alleged constitutional violations, an impermissible special law and denial of equal protection, as to the length of the enhanced sentence.

## SUFFICIENCY OF THE PROOF UNDER SECTION 30–31–20

*State v. Valenzuela,* 94 N.M. 340, 610 P.2d 744 (1980), *overruled on other grounds* in *Hernandez v. State,* 96 N.M. 585, 633 P.2d 693 (1981), held that imposition of the enhanced penalties for habitual offenders requires proof of a crime-conviction, crime-conviction sequence; that the current felony must have been committed subsequent to the conviction for a prior felony. *State v. Garcia,* 91 N.M. 664, 579 P.2d 790 (1978), held that sequential proof is required for imposition of the enhanced penalties for a second armed robbery conviction. *See* NMSA 1978, § 30–16–2 (Repl. Pamp.1984).

Section 30–31–20(B)(2), the trafficking statute, is worded similarly to Section 30–16–2, the armed robbery statute. Is sequential proof required for imposition of the enhanced penalties for a second trafficking conviction? Yes. *State v. Garcia* refers to the general rule that for enhanced penalty purposes the current offense must have been committed subsequent to the commission and conviction of the prior offense. Our holding that sequential proof is required for imposition of an enhanced penalty under Section 30–31–20(B)(2) is consistent with *Valenzuela, Garcia* and the general rule.

Defendant asserts that the prosecutor introduced no evidence as to the date the current (second) trafficking offense was committed. The state agrees. Defendant contends this is a failure of proof requiring reversal of his enhanced sentence. *See Valenzuela; State v. Hughes,* 96 N.M. 606, 633 P.2d 714 (Ct.App.1981), *affirmed* in *Hernandez v. State.* Because of the circumstances of this case, a remand for a new sentencing proceeding is not required.

The determination of whether there had been a second trafficking conviction in this case was made by the trial judge, who presided at the trial at which the second conviction occurred. That trial judge necessarily determined that the sequential proof requirement had been met. *See Hernandez v. State.*

Since no evidence was introduced at the hearing on the motion for an enhanced sentence as to the date of commission of the current (second) offense, how was the proof requirement met? The proof requirement was met by the law of the case.

The criminal information charged that the current (second) trafficking offense occurred on or about the third day of May 1983. The jury was informed, in the elements instruction, that one of the elements to be proved beyond a reasonable doubt was that the offense was committed on or about May 3, 1983. The jury found defend-

ant guilty, and his conviction was affirmed on appeal. His appeal did not challenge the date that the crime was committed.

The jury verdict, based on an instruction which was never challenged, became the law of the case. *State v. Rayos,* 77 N.M. 204, 420 P.2d 314 (1967); *State v. Dominguez,* 91 N.M. 296, 573 P.2d 230 (Ct.App.1977). *Cf. Gerety v. Demers,* 92 N.M. 396, 589 P.2d 180 (1978). It being the law of the case that the current (second) offense was committed on or about May 3, 1983, evidence of that date was not required at the sentencing hearing in the same case.

**JURISDICTION TO CHANGE THE SENTENCE**

Upon conviction of the current offense, defendant was sentenced for a second degree felony. The motion seeking the imposition of a sentence for a first degree felony was filed while the appeal was pending. The first degree sentence was imposed after the appeal was decided.

Defendant contends: (a) the trial court lacked jurisdiction to consider the motion while the appeal was pending; (b) the decision in *State v. Bejar,* which affirmed the conviction, gave no directions to the trial court to consider a change in the sentence; and (c) inasmuch as the sentence initially imposed was a valid sentence, the trial court had no authority to change the sentence. Defendant recognizes that in habitual offender proceedings it is mandatory that the enhanced sentence be imposed. *See State v. Lujan,* 90 N.M. 778, 568 P.2d 614 (Ct.App.1977). Defendant would avoid the imposition of the statutory sentence for a second trafficking conviction on the basis that the higher sentence is not mandatory. We do not agree with defendant.

We have previously pointed out the similarity between the enhanced sentence provisions of the armed robbery and trafficking statutes. Concerning the armed robbery statute, *State v. Stout,* 96 N.M. 29, 32, 627 P.2d 871 (1981), states: "[D]efendant's initial sentence was the valid and appropriate sentence until it was proven that he was a prior offender under the appropriate enhancement statute. Upon a finding [of a prior armed robbery conviction] * * * the previous sentence must be vacated and the enhanced sentence imposed as provided by law." *See also State v. Santillanes,* 96 N.M. 477, 632 P.2d 354 (1981).

Consistent with *Stout,* we hold that upon proof that a conviction is a second or subsequent conviction for trafficking, Section 30–31–20(B) requires that the previous sentence be vacated and the sentence imposed by law be imposed. The reason is that upon proof of the prior offense, the sentence imposed for a first offense is no longer authorized, but is an illegal sentence. *State v. Harris,* 101 N.M. 12, 677 P.2d 625 (Ct.App.1984).

The district court has jurisdiction to correct an illegal sentence at any time. NMSA 1978, Crim.P.R. 57.1(a) (Repl.Pamp. 1980); *Harris.*

**WHETHER DIFFERENCES IN STATUTORY PROCEDURE DEPRIVED DEFENDANT OF EQUAL PROTECTION**

The current (second) trafficking offense was committed on or about May 3, 1983. Section 30–31–20(B) does not require a jury determination of defendant's identity as a prior offender. At the time the current (second) offense was committed, the habitual offender statute provided for a jury determination of an accused's identity as a prior offender. *See Hernandez v. State.* The 1983 legislature amended NMSA 1978, Section 31–18–20 (Cum.Supp.1984). The amendment deleted the jury provision and provided the determination of identity is to be made by the trial court. *See* 1983 N.M. Laws, ch. 127, § 2. The 1983 amendment was not in effect at the time defendant committed the current (second) trafficking offense.

Because a person charged as an habitual offender would have had a statutory right to a jury determination of identity for a current offense committed in May 1983, and because Section 30–31–20(B) conferred no such right, defendant claims he was denied equal protection of the law. We

need not answer this contention. *Cf. State v. Stout.*

■ No issue of a right to a jury trial was raised in the trial court. The equal protection claim, of the differences in a right to a jury trial, is raised for the first time on appeal. This issue does not involve the determination of whether a crime has been committed or the appropriate sentence. The jury determination was limited to the question of identity. *See Hernandez.* No fundamental right of defendant is involved. Because the issue of a jury determination of identity is raised for the first time on appeal, it will not be considered. NMSA 1978, Crim., Child. Ct., Dom.Rel. & W/C App.R. 308 (Repl. Pamp.1983). *Cf. State v. Baird,* 90 N.M. 678, 568 P.2d 204 (Ct.App.), *affirmed* 90 N.M. 667, 568 P.2d 193 (1977).

## NOTICE AND JURY TRIAL UNDER SECTION 30–31–20(B)(2)

Defendant was charged, tried and convicted by a jury of a trafficking offense without any designation or inquiry as to whether a first or second offense was involved. The motion to sentence defendant as a second offender came after conviction and after sentence was imposed.

Defendant contends that he was not given notice, prior to the trial, that the prosecutor would seek imposition of the sentence for a second offense. He also contends that no sentence as a second offender can be imposed unless the jury determined that status. Defendant's argument is based on the statutory wording that any person who intentionally traffics is "for the second and subsequent offenses, guilty of a first degree felony * * *." The essence of this argument is that the prior trafficking offense is an element which determines the degree of the crime and, thus, notice must be given of the degree and all elements of the degree must be determined by a jury.

■ *State v. Stout* described the sentencing provisions of the similar armed robbery statute as an enhanced sentence provision. *State v. Santillanes,* 86 N.M. at 478,

632 P.2d 354, states: "Section 30–31–20(B), N.M.S.A. 1978, provides for an enhanced sentence for second and subsequent convictions of trafficking controlled substances." The "enhancement" characterization in *Stout* and *Santillanes* necessarily rejects defendant's claim that a prior trafficking offense requires a charge and a jury determination that a first degree crime is involved. We apply the decision of the supreme court. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

## UNAUTHORIZED SENTENCE

■ Section 30–31–20(B)(2) provides that for a second or subsequent trafficking conviction, the sentence is to be in accordance with NMSA 1978, Section 31–18–15 (Repl. Pamp.1981) for a first degree felony. Defendant was sentenced to eighteen years imprisonment in accordance with Section 31–18–15(A)(1).

Defendant contends the eighteen-year sentence was unauthorized. He refers us to NMSA 1978, Section 31–18–13 (Repl. Pamp.1981). That section provides, in paragraph A, that unless otherwise provided in Section 31–18–13, the sentence shall be in accordance with the provisions of the Criminal Sentencing Act. Inasmuch as the enhanced sentence provision is included in Section 30–31–20 and not in the Criminal Sentencing Act (NMSA 1978, Sections 31–18–12 to –21 (Repl.Pamp.1981)), defendant asserts the eighteen-year (enhanced) sentence is not authorized.

There are several answers to this frivolous contention. We give two answers; there are more. (a) Defendant ignores paragraph B of Section 31–18–13, which deals with statutes not a part of the Criminal Code. The Controlled Substances Act, NMSA 1978, Sections 30–31–1 to –40 (Repl. Pamp.1980 & Cum.Supp.1984), is not a part of the Criminal Code, and the sentence imposed accords with Section 31–18–13(B). *See* annotation, "Meaning of 'this act'", at NMSA 1978, § 30–1–1 (Repl.Pamp.1984). (b) Section 30–31–20 expressly provides for sentencing in accordance with Section 31–18–15(A)(1) of the Criminal Sentencing Act.

## TWO ALLEGED CONSTITUTIONAL VIOLATIONS

■ Defendant contends the nine-year increase in his sentence, from a nine-year to an eighteen-year sentence, violates the prohibition against special laws in N.M. Const. art. IV, § 24, and also violates the requirements of equal protection. Both constitutional provisions involve classification. *See Howell v. Burk,* 90 N.M. 688, 568 P.2d 214 (Ct.App.1977), *modified on other grounds* in *Terry v. New Mexico State Highway Commission,* 98 N.M. 119, 645 P.2d 1375 (1982).

Defendant's contentions as to improper classification are based on the premise that all repeat offenders must be treated alike. In his "special law" argument, he asserts that second offense traffickers are a subclass of repeat offenders. In his equal protection argument, he asserts that a nine-year enhancement for one prior trafficking conviction must be compared to an eight-year enhancement for three prior convictions under the habitual offender statute and a one-year enhancement for one prior conviction under the habitual offender statute. He claims there is no rational justification for these differences because trafficking in a controlled substance "is reasonably characterized as a non-violent offense."

The public policy of this state is expressed in the Controlled Substances Act, Sections 30–31–1 to –40. That policy is to control substances with a potential for abuse, Section 30–31–3. Toward that end the Board of Pharmacy, Section 30–31–2(C), may add additional substances to the items controlled by statute, Section 30–31–3, cooperate with federal and state agencies, Section 30–31–38, engage in educational programs, Section 30–31–39 and encourage research, Section 30–31–40.

Defendant's arguments ignore the reason for this public policy. *People v. Broadie,* 37 N.Y.2d 100, 371 N.Y.S.2d 471, 332 N.E.2d 338 (1975), points out that drug traffickers often commit crimes of violence against law enforcement officers and among themselves, that drug traffickers engender crimes in others and often introduce the future addict to narcotics. *Broadie* points out that

> [t]he drug seller, at every level of distribution, is at the root of the pervasive cycle of destructive drug abuse * * *.

> \*    \*    \*    \*    \*    \*

> * * * [T]he legislature could reasonably have found that drug trafficking is a generator of collateral crime, even violent crime. And violent crime is not, of course, the only destroyer of men and the social fabric. Drug addiction degrades and impoverishes those whom it enslaves.

*Id.,* 371 N.Y.S.2d at 475–476, 332 N.E.2d at 342–343. The *Broadie* remarks were in connection with a claim of cruel and unusual punishment. *State v. Caldeira,* 61 Hawaii 285, 602 P.2d 930 (1979), applied the *Broadie* remarks to a claim of a disproportionate penalty. The *Broadie* remarks state the reason for legislative concern, and apply to defendant's classification arguments.

There is a rational basis for the enhanced penalty for second and subsequent trafficking offenses. Section 30–31–20(B)(2) does not violate the requirements of equal protection of the law. *See State v. Edgington,* 99 N.M. 715, 663 P.2d 374 (Ct.App. 1983). Section 30–31–20(B)(2) applies to all second and subsequent trafficking offenses; it does not violate N.M. Const. art. IV, § 24. *See City of Raton v. Sproule,* 78 N.M. 138, 429 P.2d 336 (1967).

The judgment and sentence are affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and BIVINS, J., concur.