538 P.2d 422

**STATE of New Mexico, Plaintiff-Appellant,**

**v.**

**Gilbert A. ALDERETE, Defendant-Appellee.**

**No. 1793.**

Court of Appeals of New Mexico.

July 2, 1975.

James L. Brandenburg, Dist. Atty., Joseph P. Paone, Asst. Dist. Atty., Albuquerque, for plaintiff-appellant.

Louis G. Stewart, Jr., Albuquerque, for defendant-appellee.

OPINION

WOOD, Chief Judge.

A supplemental information charged defendant with three prior convictions for unlawful possession of heroin. The State sought enhancement of the sentence for the third conviction under the habitual offender statute. Section 40A:29–5, N.M.S.A. 1953 (2d Repl.Vol. 6). The trial court dismissed the supplemental information. It held:

" . . . the Legislature, in enacting the Controlled Substances Act and more specifically Section 54–11–23(B)(5), N.M.S.A. 1974 Supp., did not intend to make the Habitual Offender statute, Section 40A–29–5, N.M.S.A. 1953 Supp. as amended, applicable to subjects convicted more than once under referenced Section of the Controlled Substances Act."

The State appeals. The issue is the propriety of the trial court's ruling on legislative intent.

Section 54–11–23(B)(5), supra, states the penalty for unlawful possession of heroin. Neither the original enactment, Laws 1972, ch. 84, § 23, nor the amendment, Laws 1974, ch. 9, § 4, provided for enhanced penalties for subsequent possession offenses. Because of the absence of an enhancement provision in the statute making possession unlawful, the State sought enhancement under the habitual offender statute.

In State v. Lujan, 76 N.M. 111, 412 P.2d 405 (1966) the defendant was convicted under the Narcotic Drug Act which was then applicable. That act had specific enhancement provisions for prior narcotic drug offenses. Enhancement of the sentence was sought on the basis of a prior non-narcotic drug offense. Enhancement was sought under the general habitual offender statute. *Lujan,* supra, held that the specific enhancement provisions of the narcotic drug law applied over the general enhancement provisions of the habitual offender law. Under the applicable specific law a non-narcotic drug offense was not a basis for an enhanced sentence.

State v. Lujan, *supra,* is not applicable to this case because: (1) no prior non-narcotic drug offense is involved, and (2) there are no specific enhancement provisions for repeated possession of heroin.

In State v. Lard, 86 N.M. 71, 519 P.2d 307 (Ct.App.1974) defendant's sentence for larceny was enhanced under the habitual offender law. The prior convictions utilized in connection with the enhancement were two LSD offenses. The then applicable LSD statute had enhanced the penalty for defendant's second LSD offense. Lard contended that because his second LSD conviction had an enhanced sentence, this second conviction could not be utilized to enhance his larceny offense. We held the general provisions of the habitual offender law were applicable because there was no conflict between the penalty provisions involved, and there was no legislative intent to prohibit use of the second LSD conviction in enhancing the larceny sentence under the habitual offender law.

Here, as in State v. Lard, supra, there is no conflict between the specific penalty for unlawful possession of heroin and the enhancement provisions of the habitual offender law. The question is whether the Legislature intended the enhancement provisions of the habitual offender law to apply to subsequent convictions for unlawful possession of heroin.

■ Legislative intent is determined primarily by the language of the act. Each provision of the act is to be considered in relation to every other part; the legislative intent is to be determined from a consideration of the whole act. Winston v. New Mexico State Police Board, 80 N.M. 310, 454 P.2d 967 (1969).

Section 54–11–23(B)(5), supra, is a part of the Controlled· Substances Act. The act provides for enhanced penalties for a second or subsequent violation of specific crimes. See the enhanced penalties for second or subsequent convictions for trafficking, distribution to a minor, intentional distribution or possession with intent to distribute. Sections 54–11–20, 54–11–21 and 54–11–22, N.M.S.A. 1953 (2d Repl. Vol. 8, pt. 2, Supp.1973). For straight possessory offenses, an enhanced penalty is provided for a second or subsequent possession of one ounce or less of marijuana. No enhanced penalty is provided for a repetition of other possessory offenses. Compare subparagraph (1) with the other subparagraphs of § 54–11–23(B), N.M.S.A. 1953 (2d Repl.Vol. 8, pt. 2, Supp. 1973).

■ From the foregoing, we conclude that where the Legislature intended an enhanced penalty to apply to a violation of the Controlled Substances Act it so provided within the act.

■ The parties agree that under prior law, enhanced penalties applied to second or subsequent offenses for unlawful possession of heroin. No such enhanced penalties appear in the Controlled Substances Act. By eliminating enhanced penalties

for possession of heroin, the State asserts the Legislature intended the Habitual Offender Act to apply. This contention is answered by the legislative history. What became the Controlled Substances Act was introduced into the Second Session of the Thirtieth State Legislature as Senate Bill 35. As introduced, all possessory offenses were misdemeanors. The habitual offender law applies only to felonies. During passage, possession of eight ounces or more of marijuana and possession of narcotic drugs in Schedules I. and II were made felonies. Also during passage, one specific enhancement provision was added for a possessory offense. That enhancement applies only to a second or subsequent possession of one ounce or less of marijuana. This history negates any legislative intent that the provisions of the habitual offender law were to apply to second or subsequent possessory offenses.

A rule of statutory construction also answers the State's contention. In enacting the Controlled Substances Act, we presume the Legislature intended to change the law as it theretofore existed. Bettini v. City of Las Cruces, 82 N.M. 633, 485 P.2d 967 (1971). Not only did the Controlled Substances Act eliminate the general enhancement provisions of the prior law, it provided for enhancement in specific instances; the specific enhancement for possession applies only to one ounce or less of marijuana. In addition, in enacting the Controlled Substances Act, the Legislature substantially reduced the penalty for all possessory offenses. See the penalties for possession in the Narcotic Drug Act prior to its repeal by Laws 1972, ch. 84, § 60.

We hold that the Legislature did not intend that the habitual offender law was to apply to second or subsequent violations of § 54–11–23(B)(5), supra. Oral argument in this case being unnecessary, the scheduled oral argument is vacated. The order of the trial court dismissing the supplemental information is affirmed.

It is so ordered.

SUTIN and LOPEZ, JJ., concur.