697 P.2d 145

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jeffrey Derle KEITH, Defendant-Appellant.**

**No. 7798.**

Court of Appeals of New Mexico.

Feb. 7, 1985.

Certiorari Denied March 19, 1985.

Paul G. Bardacke, Atty. Gen., Barbara Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet E. Clow, Chief Public Defender, J. Thomas Sullivan, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

NEAL, Judge.

Defendant was convicted of armed robbery following a plea of nolo contendere. His second armed robbery conviction, it was therefore a first degree felony under NMSA 1978, Section 30–16–2 (Repl.Pamp. 1984). He received the basic sentence for a first degree felony on the armed robbery, but six years were subtracted due to miti-gating circumstances. A firearm enhancement of three years was added to the sentence; it is not an issue in this appeal. The state filed a supplemental criminal information against defendant, alleging he was a habitual offender under NMSA 1978, Section 31–18–17(C) (Cum.Supp.1984), based on his prior convictions for burglary, a fourth degree felony, and armed robbery, which, as a first armed robbery, was a second degree felony. The court found defendant a habitual offender, included the first armed robbery to reach a total of two prior felony convictions, and increased his original sentence by four years. Over objection of defense counsel, the court held that it was proper to use both the armed robbery and habitual offender statutes to enhance defendant's sentence by four years.

Defendant contends on appeal that the enhancement of his sentence under the habitual offender statute, after enhancement under the robbery statute, constitutes double jeopardy under the state and federal constitutions. He also argues that the trial court's application of both enhancement provisions violates the legislative intent of the two provisions. We agree, and we reverse and remand for imposition of sentence in accordance with this opinion.

The double jeopardy argument has merit only to the extent that the legislature did not intend use of the prior armed robbery conviction for enhancement under both the armed robbery statute and the habitual offender provision. *State v. Ellenberger*, 96 N.M. 287, 629 P.2d 1216 (1981), citing *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In New Mexico a court's sentencing power is limited to that provided by statute. *State v. Hernandez*, 97 N.M. 28, 636 P.2d 299 (Ct.App.1981). There must be express authorization for a sentence imposed. *State v. Crespin*, 96 N.M. 640, 633 P.2d 1238 (Ct.App.1981). We therefore must ascertain whether the legislature intended that the prior armed robbery conviction be used under the general habitual enhancement as well as under the robbery enhancement statute. *See State v. Cox*, 344 So.2d 1024 (La.1977).

The state makes a very direct argument why both enhancements should apply. It is that the plain language of Sections 30–16–2 and 31–18–17 requires application of both enhancements. *State v. Reaves*, 99 N.M. 73, 653 P.2d 904 (Ct.App.1982). The argument is not altogether unpersuasive. Section 30–16–2 states:

Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

Section 31–18–17(B), with language from Subsections (C) and (D) bracketed, states:

Any person convicted of a noncapital felony in this state whether within the Criminal Code or the Controlled Substances Act or not who has incurred one [two] [three or more] prior felony conviction[s] which was [were] part[s] of a separate transaction[s] or occurrence[s] is a habitual offender and his basic sentence shall be increased by one [four] [eight] year[s], and the sentence imposed by this subsection shall not be suspended or deferred.

Moreover, Section 31–18–17(A) defines prior felony as a conviction for a felony committed in New Mexico "whether within the Criminal Code or not."

All of this language is broad and inclusive; the state argues it does not make exemptions from its coverage. Rather, it appears intended to include any and all felonies. Therefore rules of construction are inapplicable. Legislation is to be given effect as written. *State v. Russell*, 94 N.M. 544, 612 P.2d 1355 (Ct.App.1980). The state sees no conflict between the two statutes, Sections 30–16–2 and 31–18–17, because the armed robbery statute, Section 30–16–2, sets the degree of the crime while the habitual offender statute, Section 31–18–17, provides for increased punishment. Therefore, the statutes should be read in accord with their plain meaning, citing *State v. Reaves*.

■ We believe that, as applied in this case, the statutes are in conflict. Both have the same purpose, the deterrence of repeat criminal conduct by holding an increased penalty in terrorem over the offender for the purpose of effecting his reformation and preventing subsequent offenses. *State v. Linam*, 93 N.M. 307, 309, 600 P.2d 253 (1979) (as to the general Habitual Offender Act); *State v. Garcia*, 91 N.M. 664, 579 P.2d 790 (1978) (regarding the armed robbery statute). Therefore, the state's argument that the statutes are not in conflict due to different legislative purposes is incorrect under the case law. When construing conflicting statutes, the general rule is where a general statute, standing alone, would include the same matter as a more specific statute and thus is in conflict with the specific act, the specific act is construed as an exception to the general statute. *State v. Lujan*, 76 N.M. 111, 412 P.2d 405 (1966). The state does not deny that the statutes are general (Habitual Offender Act) and specific (armed robbery statute).

This court applied general-specific reasoning in the context of the Controlled Substances Act in *State v. Lujan*. In that case the court addressed the conflict between the Controlled Substances Act, which contains its own enhancement provisions, and the Habitual Offender Act. Lujan had prior convictions for possession of drugs and auto theft. Based on all prior convictions, the trial court sentenced him under the general Habitual Offender Act. The supreme court reversed, holding that the Controlled Substances Act had its own enhancement provisions limited to narcotic convictions; the general act could not be used to enhance his sentence based on the prior auto theft.

In *State v. Roland*, 90 N.M. 520, 565 P.2d 1037 (Ct.App.1977), the court was faced with the issue of whether there was a conflict between the enhancement provisions of the prior armed robbery statute, NMSA 1953, Repl.Vol. 6, Section 40A–16–2 (Supp.1975), and the Habitual Offender Act. The court found no conflict, primarily because, under prior law, offenses punishable by life sentences were not subject to enhancement. The court, however, expressly approved the general-specific analysis used in *Lujan*. Similarly, *State v. Al-*

*derete,* 88 N.M. 150, 538 P.2d 422 (Ct.App. 1975), held that multiple drug possession convictions could not be the subject of enhancement under the general habitual act as the drug act contained its own enhancement provisions for certain offenses. There, because defendant's possession offense was not one of the specified possession offenses subject to enhancement, his sentence could not be enhanced at all.

Case law from other jurisdictions, while of limited value due to the different language of the statutes involved, shows a reluctance to allow stacking of enhancements directed at similar purposes. *Goodloe v. Parratt,* 605 F.2d 1041 (8th Cir.1979); *State v. Chapman,* 205 Neb. 368, 287 N.W.2d 697 (1980). In *State v. Cox,* the defendant was charged with escape, which was either a misdemeanor or felony depending on the underlying conviction. The state sought to use the defendant's prior felony conviction to prove felony escape and to trigger enhancement under the Habitual Offender Act. As here, the legislative intent was not explicit that both enhancements apply. In language we find equally applicable here, the court stated:

> [T]here is sufficient doubt that the penalty for a simple escape should be escalated twice by what may be an unforeseen combination of two criminal statutes, and in the absence of an explicit legislative authorization, we will construe the law strictly by refusing to give it such an expansive interpretation.

*Id.,* 344 So.2d at 1026.

Statutes authorizing a more severe punishment as conviction for a second offense are deemed highly penal and therefore must be strictly construed. *State v. Garcia,* 91 N.M. 664, 579 P.2d 790 (1978), citing *United States v. Lindquist,* 285 Fed. 447 (W.D.Wash.1921). Doubts about the construction of criminal statutes are resolved in favor of the rule of lenity. *State v. Cox.* Had defendant committed a different crime defined as a second degree felony, a crime without its own enhancement but equally as serious as robbery, he would have received a sentence enhanced only by the Habitual Offender Act. If he had one prior burglary, a prior second degree felony, and a current second degree felony, his enhancement would be four years under the Habitual Offender Act. Here, under the state's theory, defendant received an enhancement of thirteen years. If double enhancement is truly the legislative intent, the legislation should clearly say so.

We believe the legislative intent of the armed robbery statute is that repeat armed robbers be subject to greater punishment than that provided for in the general enhancement statute. We ascertain no legislative intent that the prior armed robbery conviction should be used under both enhancement provisions to enhance the second armed robbery conviction. Therefore, we hold that in the case of a defendant who has one prior burglary, one prior armed robbery, and one current armed robbery, the sentence for the current offense, discounting any reduction for mitigating circumstances, should be that for a second armed robbery (eighteen years) plus a one-year enhancement for the prior burglary under the Habitual Offender Act. The case is remanded for imposition of the lawful sentence.

IT IS SO ORDERED.

ALARID and MINZNOR, JJ., concur.