2002-NMCA-032

41 P.3d 952

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**George LACEY, Defendant–Appellant.**

**No. 21,502.**

Court of Appeals of New Mexico.

Jan. 23, 2002.

Certiorari Denied, No. 27,358, March 7, 2002.

Patricia A. Madrid, Attorney General, William McEuen, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Sheila Lewis, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

PICKARD, Judge.

{1} This case is the latest in a series of cases involving the double use of prior convictions to increase punishment. In *State v. Keith,* 102 N.M. 462, 463–65, 697 P.2d 145, 146–48 (Ct.App.1985), we held that a prior armed robbery conviction could not be used to raise the defendant's underlying armed robbery conviction from a second degree felony to a first degree felony, and then be used to further enhance the defendant's sentence under the general habitual offender statute.

In *State v. Haddenham,* 110 N.M. 149, 151–54, 793 P.2d 279, 281–84 (Ct.App.1990), we held that a prior felony conviction could not be the basis for a conviction of felon in possession of a firearm, and then be used to further enhance the defendant's sentence under the habitual offender statute. This case requires us to decide whether a prior trafficking conviction may be used to set Defendant's underlying conspiracy to commit trafficking conviction as a second degree felony, and then be used to enhance Defendant's sentence under the habitual offender statute. Notwithstanding the differences in the pertinent statutory language, we hold that it may not be so used.

{2} Defendant was convicted of one count of a second offense of trafficking a controlled substance and one count of conspiracy to commit that offense. He argues that the trial court's use of his 1989 trafficking conviction to prove the charge of conspiracy to commit a first degree felony, as well as to enhance his conspiracy sentence through the habitual offender statute, was an impermissible double use of the prior conviction. Defendant further argues that the trial court erred in admitting evidence of other drug crimes at his trial. Finally, Defendant argues that defense counsel's failure to move to sever the counts constituted ineffective assistance of counsel. We determine that the trial court improperly used Defendant's prior trafficking conviction both to prove the crime of conspiracy to commit a first degree felony and to enhance Defendant's conspiracy sentence under the habitual offender statute. We affirm the remaining issues.

## FACTS

{3} At sentencing, the court elevated Defendant's current trafficking charge from a second degree to a first degree felony based on a prior trafficking conviction in 1989. The trial court then determined that the conspiracy charge was a second degree felony because the underlying crime of trafficking was a first degree felony. The penalty for conspiracy is based on the severity of the underlying charge. *See* NMSA 1978, § 30–28–2(B) (1979). After finding that mitigating circumstances existed, the court reduced Defendant's trafficking sentence from eighteen to twelve years and reduced his conspiracy sentence from nine to six years.

{4} The State additionally sought to sentence Defendant as a habitual offender. At the sentencing hearing, Defendant admitted that he had three prior felony convictions. Because the prior 1989 trafficking conviction had already been used to enhance the trafficking charge from a second degree to a first degree felony under the trafficking statute, the court, in accordance with *Keith,* did not use it to enhance Defendant's trafficking sentence under the habitual offender statute. Instead, the court imposed a habitual sentence of four years, instead of eight, on the trafficking charge based only on Defendant's two other prior convictions. However, the court used all three prior convictions, including the 1989 trafficking conviction, to impose an eight year habitual sentence on the conspiracy charge and sentenced Defendant to a total of sixteen years for trafficking and fourteen years for conspiracy, to be served concurrently.

## DISCUSSION

### Habitual Offender Statute Enhancement

{5} In New Mexico, the court's sentencing authority is limited by statute. *Keith,* 102 N.M. at 463, 697 P.2d at 146. The legislature must give express authorization for a sentence to be imposed. *Id.* Imposition of multiple punishments for the same conduct violates double jeopardy unless the legislature intended for multiple punishments to be applied. *See Haddenham,* 110 N.M. at 151–52, 793 P.2d at 281–82; *Keith,* 102 N.M. at 463, 697 P.2d at 146.

{6} In determining the intent of the legislature, we rely primarily on the language of the statute. *State v. Alderete,* 88 N.M. 150, 151, 538 P.2d 422, 423 (Ct.App. 1975). Statutes authorizing a more severe punishment for subsequent offenses are deemed highly penal and merit a strict construction. *Keith,* 102 N.M. at 465, 697 P.2d at 148; *see also State v. Garcia,* 91 N.M. 664, 665, 579 P.2d 790, 791 (1978). Accordingly, if the legislature truly intends to doubly enhance the penalty for a crime, it must make that intention clear. *Keith,* 102 N.M. at 465, 697 P.2d at 148. We resolve any doubt about the construction of a criminal statute in favor of the rule of lenity. *Id.*

{7} This Court has held that if a prior felony conviction is already taken into account ·in determining the punishment for a specific crime, the legislature, unless it clearly expresses otherwise, does not intend that it also be used to enhance the conviction under the habitual offender statute. *State v. Peppers,* 110 N.M. 393, 400, 796 P.2d 614, 621 (Ct.App.1990); *Haddenham,* 110 N.M. at 154, 793 P.2d at 284 (holding that the legislature had taken defendant's prior felony conviction into consideration when it set the penalty for felon in possession of a firearm, so that the prior felony could not support a habitual offender enhancement); *Keith,* 102 N.M. at 465, 697 P.2d at 148 (holding that the legislature had already taken into consideration prior felony convictions when it set the penalty for repeat armed robbers, and did not intend for those prior armed robberies to be used to enhance the sentence as a habitual offender); *Alderete,* 88 N.M. at 151–52, 538 P.2d at 423–24 (holding that the legislature did not intend the general habitual offender statute to apply to second or subsequent violations for unlawful possession of heroin, since an enhanced sentence was already provided for under the Controlled Substances Act).

{8} New Mexico's trafficking statute contains its own enhancement provision:

B. Except as authorized by the Controlled Substances Act, it is unlawful for any person to intentionally traffic. Any person who violates this subsection is:

(1) for the first offense, guilty of a second degree felony ...; and

(2) for the second and subsequent offenses, guilty of a first degree felony....

NMSA 1978, § 30–31–20 (1990). It is evident from the language of the trafficking statute that the legislature took prior trafficking convictions into account when setting the penalty for a second trafficking offense.

{9} The trafficking statute and the general habitual offender statute indicate that the two statutes have a common purpose: to deter the commission of second or subsequent offenses and to keep repeat offenders away from society for an extended period of time. Thus, the statutes are in conflict and the more general habitual offender statute does not apply. *Keith,* 102 N.M. at 464, 697 P.2d at 147 (recognizing that where a general statute includes the same matter as a more specific statute, the two statutes are in conflict and the specific act is construed as an exception to the general statute). The trial court properly took the foregoing law into consideration in sentencing Defendant for the substantive offense as a first degree felon and using only two prior convictions for enhancement under the general habitual offender statute.

{10} We now address the more difficult question of whether the legislature intended the habitual offender statute to enhance the penalty for conspiracy when the crime underlying the conspiracy is an offense, such as a second conviction for trafficking, that has its own internal enhancement. We conclude that it did not.

{11} New Mexico's conspiracy statute states:

B. Whoever commits conspiracy shall be punished as follows:

(1) if the highest crime conspired to be committed is a capital or first degree felony, the person committing such conspiracy is guilty of a second degree felony;

(2) if the highest crime conspired to be committed is a second degree felony, the person committing such conspiracy is guilty of a third degree felony; and

(3) if the highest crime conspired to be committed is a third degree felony or a fourth degree felony, the person committing such conspiracy is guilty of a fourth degree felony.

Section 30–28–2(B). The State contends that when setting the penalty for conspiracy, the legislature did not take any prior convictions into account, but instead, based the punishment simply on the highest degree of crime conspired. Therefore, it argues, the prior trafficking felony may be used to enhance Defendant's conspiracy conviction under the general habitual offender statute.

{12} Absent a showing of permissive legislative intent, multiple use of the same facts to prove a predicate offense and to enhance the sentence is precluded by double jeopardy. *Haddenham,* 110 N.M. at 151–52, 793 P.2d at 281–82. While the State's assertion may be true in some cases of conspiracy, it does not

hold true in this case in which the elevation of the conspiracy charge from a third degree to a second degree felony was based upon Defendant's underlying, already enhanced trafficking conviction. In order for the court to elevate the conspiracy charge to a second degree felony, it was necessary to show that Defendant conspired to commit a first degree felony. *See* § 30–28–2(B)(1). In order to prove that the trafficking charge was a first degree felony, the court was required to find that Defendant had a prior trafficking conviction. *See* § 30–31–20(B)(2). In this case, the prior trafficking offense was used to prove the offense of conspiracy to commit a first degree felony.

{13} The State argues that this case is analogous to *Peppers,* in which the court held that the sentence for failure to appear, which depends upon the severity of the criminal charge for which one must appear in court, could be enhanced under the habitual offender statute, using the felony conviction underlying the proceeding at which the defendant failed to appear. *See Peppers,* 110 N.M. at 401, 796 P.2d at 622. In that case, the defendant had failed to appear for sentencing on a conviction of vehicular homicide. *Id.* at 394, 796 P.2d at 615. Because vehicular homicide is a felony, the defendant's charge of failure to appear was raised from a misdemeanor to a felony. In addition, the court allowed the use of the vehicular homicide conviction to enhance the sentence for failure to appear through the habitual offender statute. *Id.* at 401, 796 P.2d at 622.

{14} We find significant distinction between *Peppers* and the case before us in the nature of the crimes at issue. The crime of felony failure to appear does not require a prior felony conviction. *See* NMSA 1978, § 31–3–9(A) (1999). It requires only that a defendant be charged with a felony and that he or she wilfully fail to appear before any court or judicial officer as required. *Id.* The *Peppers* court reasoned that it could not presume that the legislature had taken the defendant's prior felony conviction for vehicular homicide into account when contemplating the punishment for felony failure to appear, as the statute did not require a prior felony conviction. *Peppers,* 110 N.M. at 401, 796 P.2d at 622. As no prior felony conviction for vehicular homicide was used to in-

crease the defendant's failure to appear charge from a misdemeanor to a felony, the court permitted use of the vehicular homicide conviction to enhance the defendant's sentence for failure to appear under the habitual offender statute. *Id.*

■ {15} In the case before us, however, Defendant's 1989 trafficking conviction was used both to prove the offense of conspiracy to commit a first degree felony and to enhance Defendant's conspiracy sentence under the habitual offender statute. We discern no clear legislative intent to permit the same facts used to prove conspiracy to commit a first degree felony to also be used to enhance Defendant's sentence under the habitual offender statute. In cases in which the legislature intends to permit such double use, it must clearly indicate that intent. *Id.; Haddenham,* 110 N.M. at 154, 793 P.2d at 284. We believe " '[t]here is sufficient doubt that the penalty for [conspiracy to traffic] should be escalated twice by what may be an unforeseen combination of … criminal statutes, and in the absence of an explicit legislative authorization, we will construe the law strictly by refusing to give it such an expansive interpretation.' " *Keith,* 102 N.M. at 465, 697 P.2d at 148 (quoting *State v. Cox,* 344 So.2d 1024, 1026 (La.1977)). We presume that the legislature intended that the prior trafficking felony was already taken into account when enhancing the punishment for both trafficking and conspiracy to traffic.

{16} The court's double use of the prior trafficking conviction was improper. We therefore remand this case to the trial court for resentencing. Defendant suggests that the remedy could be either to lower the conspiracy to a mitigated third degree felony (two years) and then tack on the eight year habitual sentence for a total of ten years or to leave the conspiracy as a mitigated second degree felony (six years) and then tack on only four years for a habitual sentence based on two prior convictions for the same total of ten years. Although the math works out the same in this case, our cases teach that the proper result in cases of doubt concerning legislative intent involving the habitual offender statute is to lower the habitual sentence by eliminating the felony that has been

previously used to elevate the underlying sentence or offense. Because our holding in this regard flows so naturally from our prior cases of *Keith* and *Haddenham*, we do not reach Defendant's alternative contention that the legislature did not intend that prior convictions should bear at all on the degree of crime conspired to be committed under Section 30–28–2.

## Impermissible Character Evidence

{17} In addition to the counts of trafficking and conspiracy of which Defendant was convicted, he was also charged with one count of trafficking and one count of conspiracy to traffic, arising from an alleged drug sale on June 24, 1999, and one count of embezzlement based on an alleged attempted drug sale on July 27, 1999. At the close of the testimony, the court ordered a directed verdict of not guilty on the June 24 trafficking charge. The jury then acquitted Defendant of the June 24 conspiracy charge, as well as the July 27 embezzlement charge.

{18} Defendant argues that the jury's exposure to the evidence presented on these charges, as well as evidence involving another transaction with a man named Robinson, led to the conclusion that Defendant had a propensity for dealing drugs and that he probably sold drugs to the agents on June 30, 1999. He asserts that admission of such evidence violated the policies behind Rule 11–404(B) NMRA 2002 and, accordingly, asks this Court to remand for a new trial. The State argues that it offered this evidence to prove the properly charged offenses against Defendant for trafficking and conspiracy to traffic on June 24 and embezzlement on July 27, and not merely to show propensity.

{19} Contrary to Rule 12–213(A)(4) NMRA 2002, Defendant has neglected to inform this Court of how this issue was preserved for appellate review. "The brief in chief of the appellant ... shall contain ... a statement explaining how the issue was preserved in the court below...." *Id.* In addition, our review of the record reveals that Defendant never objected to the admission of the above testimony, nor did he, at any time, move to sever any of the charges in the action against him. He has therefore failed to preserve any error for our review. *See* Rule 12–216(A) NMRA 2002 ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked...."); *State v. Barr,* 1999–NMCA–081, ¶ 31, 127 N.M. 504, 984 P.2d 185 (stating that failure to object to inadmissible hearsay results in failure to preserve the issue for appellate review); *State v. Lucero,* 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct.App. 1986) (recognizing that to preserve an issue for appeal, appellant must make a timely objection that specifically apprises the district court of the nature of the claimed error and evokes a ruling thereon).

{20} We nevertheless address whether Defendant was unduly prejudiced by this testimony as to merit a new trial. This Court has recognized that prejudice can result when the court erroneously admits evidence of similar charges, which may be interpreted as propensity evidence. *State v. Jones,* 120 N.M. 185, 190, 899 P.2d 1139, 1144 (Ct.App. 1995) (holding that when the trial court abuses its discretion in refusing to grant a motion for severance and thereby erroneously admits other-crimes evidence violating Rule 11–404(B), prejudice is established when there are convictions). However, when the trial court has committed no error in admitting evidence of similar charges, this Court has held that what defendants deem to be prosecutorial overcharging does not necessarily result in prejudice. *State v. Shaulis–Powell,* 1999–NMCA–090, ¶¶ 20–21, 127 N.M. 667, 986 P.2d 463 (holding that although defendant was charged with trafficking, possession with intent to distribute, and possession of marijuana over eight ounces and was convicted only of possession, her conviction was not a result of prejudicial overcharging, as there was sufficient evidence to support the conviction); *State v. Armijo,* 1997–NMCA–080, ¶ 10, 123 N.M. 690, 944 P.2d 919 (holding that the defendant failed to demonstrate prejudice resulting from the court's refusal to sever multiple counts of fraud, in that the jury was properly instructed and showed it could properly apply the facts to the law by acquitting on some counts and convicting on others); *State v. Orgain,* 115 N.M. 123, 125–26, 847 P.2d 1377, 1379–80 (Ct.App.1993) (holding that the jury's acquittal of two of the sixteen counts of forgery and conspiracy to commit forgery showed that it was able to

carefully apply the facts to the law and thus the defendant could not show prejudice and was not entitled to a new trial).

{21} We find that the evidence pertaining to the charges of which Defendant was acquitted did not unduly prejudice the jury. Because Defendant did not move to sever any of the charges in the proceeding, the trial court committed no error in admitting evidence pertaining to these charges. The fact that the jury acquitted Defendant of three of the five counts against him shows that it was able to carefully apply the facts to the law. *See Armijo,* 1997–NMCA–080, ¶ 10, 123 N.M. 690, 944 P.2d 919; *Orgain,* 115 N.M. at 125–26, 847 P.2d at 1379–80. We do not find sufficient prejudice to grant a new trial. Moreover, we will not revisit the rationales of these cases, as Defendant's argument would require us to do.

{22} We also take this opportunity to explicitly reject Defendant's contention, and the argument he constructs to support it, that is based on his speculation about what the jury must have done. He argues that the jury must have believed the agents' testimony in order to convict Defendant at all and therefore its acquittal on certain of the charges was a compromise. Defendant asserts that we must carefully insure that cases are not overcharged in order to discourage such compromises. We have, time and again, held that it is an impermissible technique of appellate argument to parse the testimony and speculate about what the jury must or must not have found in order to show reversible error on a different issue. *See State v. Ruiz,* 119 N.M. 515, 521–22, 892 P.2d 962, 968–69 (Ct.App.1995); *State v. Glen Slaughter & Assocs.,* 119 N.M. 219, 225–26, 889 P.2d 254, 260–61 (Ct.App.1994); *State v. Leyba,* 80 N.M. 190, 195, 453 P.2d 211, 216 (Ct.App. 1969). In fact, the verdicts here do not appear to be a compromise, and instead reflect careful analysis of the strengths and weaknesses of the testimony on the various counts. But even if the verdicts were a compromise, it is well established under the foregoing cases that we would not engage in the type of review Defendant seeks.

{23} Finally, Defendant argues that he was prejudiced by testimony that one agent entered into another drug deal with John Robinson, an acquaintance of Defendant's, that Defendant claims did not involve him at all. In fact, Defendant was present at the beginning of this transaction. On the court's own motion, when the prosecutor acknowledged that the testimony he sought was not relevant to the actual charges, this line of testimony was abandoned.

{24} Again, defense counsel did not, at any time, object to the testimony concerning the drug sale between Robinson and the agent. Defense counsel did not ask the court for a curative instruction, directing the jury to disregard the evidence, nor did she ask for a mistrial. Regardless of Defendant's failure to preserve this issue, we find that the admission of evidence of the transaction between the agent and Robinson does not entitle Defendant to a new trial. The record indicates that the jury heard other evidence, consistent with the conspiracy and trafficking charges, indicating that Defendant and Robinson were part of a cooperative drug distribution network in Roswell, New Mexico. Any implication from the testimony that Robinson sold drugs to the agent, in a transaction that did not directly involve Defendant, was cumulative and did not constitute prejudice. *See State v. Hamilton,* 2000–NMCA–063, ¶ 18, 129 N.M. 321, 6 P.3d 1043 (holding that erroneous admission of uncharged conduct was harmless and not prejudicial where the evidence was cumulative); *State v. Woodward,* 1996–NMSC–012, ¶ 47, 121 N.M. 1, 908 P.2d 231 ("The erroneous admission of cumulative evidence is harmless error because it does not prejudice the defendant."). We deny Defendant's request for a new trial.

### Ineffective Assistance of Counsel

{25} Defendant contends that his counsel's failure to file a motion for severance of counts in this case constituted ineffective assistance of counsel and denied him a fair trial. Counsel is considered effective when he or she exercises the skill, judgment, and diligence of a reasonably competent attorney. *State v. Crislip,* 109 N.M. 351, 353, 785 P.2d 262, 264 (Ct.App.1989). To prevail on an ineffective assistance claim, Defendant must show that his counsel fell below the standard of a reasonably competent attorney. *Id.* If there is a plausible, rational strategy or

tactic, which can explain counsel's conduct, then an ineffective assistance claim fails. *State v. Harrison,* 2000 NMSC 022, ¶ 63, 129 N.M. 328, 7 P.3d 478. In addition, Defendant must show that failure to meet the standard resulted in prejudice. *Crislip,* 109 N.M. at 353, 785 P.2d at 264. In order to establish prejudice, " '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *State v. Brazeal,* 109 N.M. 752, 757–58, 790 P.2d 1033, 1038–39 (Ct.App.1990) (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

{26} First, there was a potential rational trial strategy for not moving to sever the counts in this case. Defense counsel obtained acquittals on three of the five counts charged. The record reveals defense counsel's attempt to undermine the credibility of all the charges by trying the weaker counts along with the stronger counts. *See State v. Mares,* 112 N.M. 193, 198, 812 P.2d 1341, 1346 (Ct.App.1991) (holding that counsel's failure to move for severance was a reasonable trial tactic, in that the record reflected that defense counsel attempted to transfer the lack of the first victim's confidence to the state's entire case). Using the evidence presented on the June 24 trafficking and conspiracy counts, as well as the July 27 embezzlement count, defense counsel argued at closing that other people were the actual drug dealers, while Defendant merely introduced people to each other. Defendant has failed to show how this strategy was not reasonable.

{27} Second, we find no prejudice resulted from the counts being tried in the same proceeding. Defendant failed to demonstrate that had his counsel moved for severance, the motion would have been granted. *See State v. Gonzales,* 113 N.M. 221, 230, 824 P.2d 1023, 1032 (1992) (holding that to prevail on an ineffective assistance of counsel claim, defendant must first demonstrate that had his counsel moved for severance, the motion would have been granted). Rule 5–203(A) NMRA 2002 provides that if the charges "are of the same or similar character" or "are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan," then they may be tried together. However, if a defendant will be prejudiced by a joint trial, the court may grant a severance. Rule 5–203(C). Whether or not a trial should be severed lies within the sound discretion of the trial court. *State v. Hernandez,* 104 N.M. 268, 272, 720 P.2d 303, 307 (Ct.App.1986). Here, the offenses all involved the same witnesses and were based upon acts alleged to constitute parts of a single scheme. Therefore, the counts were properly tried together. *See id.* at 272–73, 720 P.2d at 307–08 (holding that two drug deals to the same undercover officer a few days apart were clearly acts of a similar nature and were properly tried together).

{28} Defendant contends that prejudice is shown because in this case, like that of Jones, and unlike that of Hernandez, the element of knowledge was not at issue, and therefore the evidence of other counts served to unduly prejudice him. *See Jones,* 120 N.M. at 189, 899 P.2d at 1143 (distinguishing *Hernandez* ). We disagree with Defendant about what was at issue. In this case, like that of Hernandez, the State had to prove that Defendant knew or believed that what he was trafficking was drugs. Defendant's claim for ineffective assistance of counsel is denied.

**CONCLUSION**

{29} We affirm Defendant's convictions for trafficking and conspiracy to commit trafficking. However, we remand this case to the trial court for resentencing, limiting the habitual offender sentence on the conspiracy conviction to four years.

{30} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Judge, and JONATHAN B. SUTIN, Judge.