This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

  Plaintiff-Appellee,

v.              **NO. 31,866**

**RUSSELL RANKIN**,

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Robert M. Schwartz, District Judge**

Gary K. King, Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}	Russell Rankin (Defendant) was convicted of two counts of possession of a firearm by a felon pursuant to a guilty plea and, after a trial, he was convicted of single counts of trafficking cocaine by possession with intent to distribute, tampering with evidence, and possession of drug paraphernalia. He raises a number of issues relating to his trial and sentence. As he has failed to demonstrate error on any of the claimed bases, we affirm.

**BACKGROUND**

{2}	A paid informant, who had previously provided reliable information to the police, informed the police that the informant had recently purchased crack cocaine from Defendant and that the informant could make another such purchase if the police wanted to execute a controlled buy. The police had the informant purchase more crack from Defendant. Based on their observations of the purchase and on the informant's statements, the police obtained a warrant to search the apartment from which Defendant was selling crack. During the search, the police discovered crack cocaine, a digital scale, cash, and a gun. There were other people in the apartment besides Defendant, and one of them told the police that when the police entered the apartment,

Defendant handed her the crack and told her to hide it in her vagina. Together, this evidence gave rise to the charges in this case.

**DISCUSSION**

**Speedy Trial**

{3} Prior to trial, Defendant filed a motion to dismiss, claiming that his right to a speedy trial had been violated. The district court denied the motion. In reviewing the district court's ruling, we defer to the district court's factual findings if they are supported by substantial evidence. *See State v. Manzanares*, 1996-NMSC-028, ¶ 1, 121 N.M. 798, 918 P.2d 714. Defendant has not argued on appeal that any of the district court's factual findings were not supported by substantial evidence. In the absence of a specific challenge to the district court's findings, we presume that they are correct. *See* Rule 12-213(A)(4) NMRA (stating that an appellant's brief "shall set forth a specific attack on any finding, or such finding shall be deemed conclusive" and that a contention that a finding is not supported by substantial evidence shall be deemed waived "unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence"). Therefore, we review de novo the question of whether, based on the facts found by the district court, Defendant's right to a speedy trial was violated. *See State v. Montoya*, 2011-NMCA-074, ¶ 9, 150 N.M. 415, 259 P.3d 820.

**{4}** A speedy trial analysis requires us first to determine whether the total period of time the case was pending was presumptively prejudicial. *State v. Garza*, 2009-NMSC-038, ¶ 23, 146 N.M. 499, 212 P.3d 387. If so, that determination triggers an evaluation of four factors to determine whether the right has been violated. *Id.* ¶ 21. These factors are: "(1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of the right, and (4) the actual prejudice to the defendant." *Id.* ¶ 13. In balancing these factors, a court will only find a speedy trial violation if a defendant has either shown (1) evidence of actual prejudice or (2) that he asserted his right and the first two factors weigh so heavily against the State that he need not establish actual prejudice. *See Id.* ¶ 39. Once the defendant establishes that the delay was presumptively prejudicial, the burden shifts to the State to prove that, under the four factors, the delay did not violate the defendant's right to a speedy trial. *See Id.* ¶ 16. However, it is the defendant's burden to put forth evidence in order to substantiate a claim of actual prejudice under the fourth prong. *See Id.* ¶¶ 35-37.

**{5}** Here, both parties assert that the length of the delay was twenty-six months. The district court found that this case was of intermediate complexity, such that the twenty-six-month delay exceeded the fifteen-month time period for intermediate cases by eleven months. *See id.* ¶ 48 (holding that a delay of twelve months is presumptively prejudicial in simple cases, a delay of fifteen months is presumptively

4

prejudicial in intermediate cases, and a delay of eighteen months is presumptively prejudicial in complex cases). Therefore, the twenty-six-month length of the delay was presumptively prejudicial and triggers an analysis of the remaining speedy trial factors.

{6} Because the presence or absence of actual prejudice governs how heavily the other factors must weigh against the State in order to establish a speedy trial violation, we turn first to the fourth speedy trial factor and consider whether Defendant has demonstrated actual prejudice. *See id.* ¶¶ 35-37. We review Defendant's claim of prejudice with reference to the three interests that the right to a speedy trial is intended to protect. These are (1) the avoidance of oppressive pretrial incarceration, (2) the minimization of the accused's anxiety and concern, and (3) the minimization of the possibility that the defense will be impaired. *See Id.* ¶ 35.

{7} "As to the first two types of prejudice, some degree of oppression and anxiety is inherent for every defendant who is jailed while awaiting trial." *Id.* ¶ 35 (alterations, internal quotation marks, and citation omitted). "Therefore, we weigh this factor in the defendant's favor only where the pretrial incarceration or the anxiety suffered is undue." *Id.* Whether pretrial incarceration is unduly prejudicial depends on "the length of incarceration . . . and what prejudicial effects the defendant has shown as a result of the incarceration." *Id.* And "without a particularized showing of prejudice, we will

not speculate as to the impact of pretrial incarceration on a defendant or the degree of anxiety a defendant suffers." *Id.* The district court noted that, for approximately half of the delay, Defendant had been incarcerated on other charges. Therefore, there was no undue prejudice to Defendant during this period of time. *See State v. Urban*, 2004-NMSC-007, ¶ 17, 135 N.M. 279, 87 P.3d 1061. As for the remaining period of time, Defendant introduced no particularized evidence that would have demonstrated that his pretrial incarceration or his level of anxiety was prejudicial. He argued that he was deprived of the opportunity to earn good time credit, but failed to substantiate this claim with any evidence that he would actually have earned such credit. On appeal, he presents this Court with no authority from this or any other jurisdiction to support his argument that the loss of such an opportunity constitutes the sort of particularized prejudice that implicates speedy trial concerns, and we therefore may assume that no such authority exists. *See State v. Guerra,* 2012-NMSC-014, ¶ 21, 278 P.3d 1031. Accordingly, Defendant has not demonstrated prejudice on these bases.

{8}     With respect to the impairment of his defense, Defendant argued that his wife disappeared just a week prior to trial. Although the disappearance of a witness can certainly be prejudicial to a defense, Defendant did not meet his burden of establishing that his wife's disappearance was prejudicial to his case. A defendant alleging prejudice to his defense based on the unavailability of a witness must "state with

6

particularity what exculpatory testimony would have been offered" by the witness. *Garza*, 2009-NMSC-038, ¶ 36 (alteration, internal quotation marks, and citation omitted). Defendant made no such proffer to the district court. Accordingly, Defendant failed to demonstrate particularized prejudice as a result of the delay in this case.

{9}     Because Defendant has failed to demonstrate actual prejudice, we can only conclude that his right to a speedy trial was violated if the remaining factors weigh heavily against the State. We agree with the district court that they do not. The length of the delay exceeded the fifteen-month period for cases of intermediate complexity by eleven months, and therefore this factor does weigh against the State. *Cf. State v. Johnson*, 2007-NMCA-107, ¶ 8, 142 N.M. 377, 165 P.3d 1153 (holding that in a complex case, a delay that exceeded the period of presumptive prejudice by eleven months weighed against the state). However, with respect to the reason for the delay, the district court determined that it was Defendant's own conduct that caused the delay. The district court found that Defendant was unable to maintain an attorney-client relationship with two of his four attorneys, and that the need to replace these attorneys was the cause of the delay. Therefore, this factor weighs against Defendant. *See State v. Fierro*, 2012-NMCA-054, ¶ 43, 278 P.3d 541, *cert. denied*, 2012-NMCERT-004, 293 P.3d 886 (holding that delays caused by a defendant's change in

7

counsel were attributable to the defendant, where, although the defendant alleged that counsel were not properly pursuing his case, the district court made no finding that counsel was ineffective); *State v. Plouse*, 2003-NMCA-048, ¶¶ 45-47, 133 N.M. 495, 64 P.3d 522 (holding that the reason for the delay weighed against the defendant when the defendant required continuances because two of his attorneys withdrew from representing him).

{10} The district court made no finding with respect to Defendant's assertion of his right to a speedy trial, but the record reflects that each new attorney who entered an appearance for Defendant filed pro forma documents asking for one. However, a defendant's assertion of the right to a speedy trial will be weighed neutrally when the defense files motions that slow the proceedings, such as motions for extensions of time to file motions or of the time for trial, or motions for appointment of new counsel. *See Garza*, 2009-NMSC-038, ¶ 32. Defendant filed numerous motions for extensions and required three different substitutions of counsel, and therefore his assertion of the right to a speedy trial weighs neutrally. Because Defendant failed to demonstrate particularized prejudice and only one of the first three speedy trial factors weighs against the State, Defendant's right to a speedy trial was not violated.

**Motion to Suppress**

{11} Defendant contends that the district court erred in denying his motion to

suppress evidence discovered during the search of the apartment. He contends that the search violated his rights under the Fourth Amendment to the federal constitution and under Article II, Section 10 of the New Mexico Constitution because the affidavit supporting the search warrant did not provide probable cause to believe that a crime was occurring at the apartment or that there was evidence of a crime to be found there. Under both the federal and state constitutions, an issuing court's determination that an affidavit provides probable cause to believe that evidence of a crime may be found at a particular location will be upheld if the affidavit provides a "substantial basis" to support the finding of probable cause. *State v. Williamson,* 2009-NMSC-039, ¶¶ 17, 29, 146 N.M. 488, 212 P.3d 376.

{12} Defendant's only challenge to the affidavit is that it did not demonstrate the confidential informant's veracity. When an affidavit in support of a search warrant is based in part on a confidential informant's testimony, the New Mexico Constitution requires that the affidavit demonstrate "(1) the informant's basis of knowledge, and (2) facts showing the informant's veracity." *State v. Steinzig*, 1999-NMCA-107, ¶ 17, 127 N.M. 752, 987 P.2d 409 (internal quotation marks and citation omitted), *limited on other grounds by Williamson*, 2009-NMSC-039, ¶ 29. "Under the veracity prong, the affidavit must set forth sufficient facts for the issuing judge to independently determine either the inherent credibility of the informants or the reliability of their

9

information." *Steinzig*, 1999-NMCA-107, ¶ 18. The reliability of an informant's information may be established, among other ways, by showing that the informant has given reliable information to police officers in the past, that the informant made statements against the informant's penal interest, that independent investigation by the police corroborates the informant's reliability or the information given, or that other facts and circumstances allow the court to impute reliability. *See State v. Vest*, 2011-NMCA-037, ¶ 13, 149 N.M. 548, 252 P.3d 772, *cert. quashed*, 2012-NMCERT-004, 293 P.3d 887.

**{13}** In this case, the affidavit provided information sufficient to establish the informant's veracity. It stated that the informant had provided information in the past that was accurate and resulted in other arrests, that the informant told the police that the informant knew that Defendant was selling crack cocaine because the informant had made a purchase from Defendant within the past ten days, and that the police had independently corroborated the informant's information by having the informant make a controlled purchase of cocaine from Defendant and describing the procedures that the police followed in order to effect the controlled purchase. This information was sufficient to establish a substantial basis for trusting the informant's veracity.

**Motion to Require Identification of Confidential Informant**

**{14}** Defendant contends that the district court erred in denying his Rule 11-510

NMRA motion to disclose the identity of the confidential informant. We review the district court's ruling for an abuse of discretion. *State v. Rojo*, 1999-NMSC-001, ¶ 39, 126 N.M. 438, 971 P.2d 829. Rule 11-510 provides that the State has a privilege to refuse to disclose the identity of a confidential informant unless the State intends to call the informant as a witness, the informant can provide information relevant to the defense, or the informant's information was relied upon to establish the legality of a search and the district court is not satisfied that it was reasonable for the police to believe that the informant was reliable or credible. Defendant contends that, in this case, the informant's identity should have been disclosed because it was not reasonable to believe that the informant's testimony was credible and because the informant may have had information relevant to Defendant's defense.

{**15**}    With respect to Defendant's first argument, we have already held that the affidavit provided a substantial basis on which to conclude that the informant was reliable. Therefore, the district court did not abuse its discretion in denying Defendant's motion on this basis.

{**16**}    With respect to Defendant's argument that the informant's identity should have been disclosed because the informant may have had information relevant to Defendant's defense, Defendant has pointed to no such information. The charges in this case were not predicated on Defendant's acts of selling drugs to the informant;

11

instead Defendant was only charged with acts that were based on evidence found as a consequence of a police search at which the informant was not present. Under such circumstances, we have held that a district court does not abuse its discretion in denying a motion to disclose the informant's identity. *See State v. Chandler*, 1995-NMCA-033, ¶¶ 19-25, 119 N.M. 727, 895 P.2d 249 (affirming the district court's decision not to hold an in camera hearing regarding the identity of a confidential informant where the district court concluded that the identity of the informant was not relevant because the defendant was not charged with a crime based upon the transaction witnessed by the informant, but rather on evidence found during the execution of a search warrant). Furthermore, to the degree that Defendant asserts that the confidential informant was the only non-police witness such that he was entitled to a hearing pursuant to *State v. Beck*, 1982-NMCA-004, ¶ 11, 97 N.M. 312, 639 P.2d 599, this simply is not the case. Two other non-police witnesses, who were in the apartment with Defendant at the time of the search, testified at trial.

**Admission of Other Bad Acts Evidence**

{17}   Defendant contends that the district court erred in admitting evidence of Defendant's prior sale of powder cocaine as well as photographs of money and guns seized from the apartment. We review the admission of evidence for an abuse of discretion, and we will not disturb the district court's ruling absent a clear abuse of

that discretion. *State v. Stanley*, 2001-NMSC-037, ¶ 5, 131 N.M. 368, 37 P.3d 85. We cannot say that the district court abused its discretion unless we can characterize its ruling as "clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted).

{18} The Rules of Evidence prohibit the use of a defendant's other wrongs or acts as evidence that the defendant had a propensity to commit the charged acts in a given case. *See* Rule 11-404(B)(1) NMRA ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). The reason for this rule is to limit the risk that a jury will convict the defendant for crimes other than the charged offenses "or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment[.]" *State v. Gallegos*, 2007-NMSC-007, ¶ 21, 141 N.M. 185, 152 P.3d 828 (internal quotation marks and citation omitted). However, evidence of such acts is permissible, even if it logically suggests a propensity to commit the charged acts, if introduced for other, legitimate reasons. *See* Rule 11-404(B)(2) (stating that evidence of other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). When a crime is a specific intent crime, the defendant's intent is necessarily at issue since the State is required to prove this element beyond

a reasonable doubt, and other acts relevant to show the defendant's specific intent are generally admissible. *See State v. Niewiadowski*, 1995-NMCA-083, ¶ 14, 120 N.M. 361, 901 P.2d 779 (holding that where the defendant was charged with the specific intent crime of first-degree murder, which required a showing of a deliberate intent to kill, evidence that the defendant had previously shot at the victim and otherwise threatened him was relevant and admissible to prove that the defendant acted with the necessary intent, even though it also showed a propensity to commit the charged killing); *State v. Schifani*, 1978-NMCA-080, ¶ 8, 92 N.M. 127, 584 P.2d 174 (holding that where the defendant was charged with the specific intent crime of fraud, evidence of other fraudulent transactions was admissible to show the defendant's specific intent). Even when a crime is not a specific intent crime, such as when the crime charged is the actual sale of drugs, rather than, as here, possession with intent to sell, evidence of activity bearing on the defendant's intent may be admissible. *See State v. Vallejos*, 1998-NMCA-151, ¶¶ 2, 22, 126 N.M. 161, 967 P.2d 836 (holding that when the defendant was charged with two acts of selling marijuana to an undercover officer, evidence of C-scales later found in his home was admissible to show his intent to distribute); *but cf. State v. Wrighter*, 1996-NMCA-077, ¶¶ 10-11, 122 N.M. 200, 922 P.2d 582 (holding that when the defendant was charged with a sale of crack cocaine to a confidential informant, prior sales by the defendant to the same informant were

14

not admissible to show the context surrounding the sale, and, even if it was otherwise admissible on this basis, such evidence should have been excluded as more unfairly prejudicial than probative).

{19} In this case, Defendant was charged with possession of cocaine with intent to distribute as codified at NMSA 1978, Section 30-31-20(A)(3) (2006). This is a specific intent crime. *See State v. Bejar*, 1984-NMCA-031, ¶ 7, 101 N.M. 190, 679 P.2d 1288. The evidence regarding prior drug sales, to which Defendant objected, was an officer's testimony that when the officer confronted Defendant with the crack cocaine in his home, Defendant said that although he sold powder cocaine and had done so just three days previously, he did not sell crack cocaine. The fact that Defendant admitted to selling cocaine, whether it was powder or crack, was relevant to the question of whether he possessed the cocaine that was found in the apartment with the specific intent to sell it or whether he simply possessed it for his own use.

{20} Furthermore, the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice under Rule 11-403 NMRA. Intent to distribute is generally established through circumstantial evidence, *Bejar*, 1984-NMCA-031, ¶ 7, and there was no direct evidence of Defendant's intent to sell the crack cocaine in his home. Accordingly, it was highly probative, and the district court did not err in admitting this evidence. *See Niewiadowski*, 1995-NMCA-083, ¶

15, (stating that when there is little other evidence to prove a fact, evidence of that fact is highly probative and therefore its probative value is not substantially outweighed by a danger of unfair prejudice).

{21} With respect to the evidence that there were guns and a large sum of cash in Defendant's room, such evidence was also relevant to show Defendant's specific intent to sell the cocaine found in the apartment. *See State v. Hubbard*, 1992-NMCA-014, ¶ 15, 113 N.M. 538, 828 P.2d 971 (stating that "items found in [the] possession of the accused, such as . . . significant sums of cash, show that the accused intends to transfer drugs"); *See Bejar*, 1984-NMCA-031, ¶ 9 (holding that items found in the defendant's home, including a quantity of cash, were relevant circumstantial evidence to prove the defendant's intent to distribute drugs). As such, the district court did not abuse its discretion in admitting it.

**Sentencing**

{22} Defendant challenges his sentence, arguing that the district court erred by admitting certain evidence at sentencing and by increasing his trafficking conviction from a second-degree felony to a first-degree felony as well as increasing his sentence based on a habitual offender enhancement. "Generally, we review a trial court's sentencing determination for abuse of discretion." *State v. King*, 2007-NMCA-130, ¶ 4, 142 N.M. 699, 168 P.3d 1123. "However, we review de novo any question

16

regarding the legality of the sentence." *Id.*

{23}    With respect to the district court's decision to allow the parent of a person that Defendant is charged with killing in a separate case to testify at his sentencing hearing in this case, we find no abuse of discretion. "Before making [a] sentencing determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *State v. Woodruff*, 1997-NMSC-061, ¶ 31, 124 N.M. 388, 951 P.2d 605 (alterations, internal quotation marks, and citation omitted). The district court did not enhance or aggravate Defendant's sentence based on this information, it simply applied the basic sentence. *Cf. State v. Frawley*, 2007-NMSC-057, ¶ 23, 143 N.M. 7, 172 P.3d 144 (holding that a district court may not aggravate a basic sentence unless the aggravation is based on facts found beyond a reasonable doubt by a jury).

{24}    With respect to the sentence that the district court imposed, Defendant asserts that the district court erred by permitting a prior trafficking offense to increase his trafficking conviction from a second-degree felony to a first-degree felony pursuant to Section 30-31-20(B) and then using the same offense to enhance his sentence for both his trafficking conviction and his tampering with evidence conviction under the habitual offender statute, NMSA 1978, § 31-18-17 (2003). However, the record reflects that the district court did not use the prior offense to enhance the trafficking

17

conviction under the habitual offender statute (enhancing the sentence for tampering with evidence by one year based on the habitual offender statute), and Defendant provides no authority that it was improper to use the prior trafficking conviction to increase his sentence for tampering with evidence. Although a prior trafficking conviction cannot be used both to increase the degree of trafficking under Section 30-31-20(B) and to enhance the sentence for the same act of trafficking under the habitual offender statute, *see State v. Lacey*, 2002-NMCA-032, ¶¶ 6-9, 131 N.M. 684, 41 P.3d 952, a prior trafficking conviction may be used to increase the degree of trafficking under Section 30-31-20(B) and to enhance the sentence for a different offense under the habitual offender statute, *see State v. Tafoya*, 2012-NMSC-030, ¶ 57, 285 P.3d 604 (stating that a prior conviction can be used to establish the elements of one offense and to enhance another offense under the habitual offender statute). Accordingly, Defendant has failed to demonstrate that his sentence is unlawful.

**CONCLUSION**

{25}    Because Defendant has failed to demonstrate error on appeal, we affirm.

{26}    **IT IS SO ORDERED**.


_____
                                        **J. MILES HANISEE, Judge**
**WE CONCUR:**

18

_____

**RODERICK T. KENNEDY, Chief Judge**


_____

**CYNTHIA A. FRY, Judge**