STATE V. MARTINEZ

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**EDGAR MARTINEZ,**
**Defendant-Appellant.**

NO. A-1-CA-37424

COURT OF APPEALS OF NEW MEXICO

February 14, 2019

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY, Douglas R. Driggers, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Santa Fe, NM, Steven J. Forsberg, Assistant Appellate Defender, Santa Fe, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: J. MILES HANISEE, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant Edgar Martinez appeals his convictions for two counts of criminal sexual contact of a minor in the second degree (under age 13) and one count of attempt to commit a felony, to wit: criminal sexual penetration in the third degree. [DS 2; RP 54-

56, 107-14] We proposed to affirm in a notice of proposed summary disposition. Defendant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Unpersuaded, we affirm Defendant's convictions and deny his motion to amend the docketing statement.

## Sufficiency of the Evidence

**{2}**     In his docketing statement, Defendant challenged the sufficiency of the evidence to support his convictions. [DS 8] In our notice of proposed disposition, we set forth the relevant jury instructions and our understanding of the trial evidence. [CN 3-6] Based on the information before this Court, we proposed to conclude that there was sufficient evidence to support Defendant's convictions. [CN 4-7] In response, Defendant maintains his previous arguments. [MIO 3-4] Notably, Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374). Therefore, we are unpersuaded by Defendant's memorandum in opposition.

## Motion to Amend

**{3}**     Defendant seeks to amend his docketing statement to add an ineffective assistance of counsel claim. [MIO 1-3] This Court will grant a motion to amend only upon a showing of viability. *See generally State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (observing that a motion to amend will be denied if the issue is not viable).

**{4}**     In order to establish any entitlement to relief based on ineffective assistance of counsel, Defendant must make a prima facie showing by demonstrating that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

**{5}**     Defendant asserts that his attorney was deficient by failing to move to sever unrelated counts. [MIO 1-2] He contends that the first two counts of criminal sexual penetration in the first degree (child under 13) were dismissed following a directed verdict, and those two counts were unrelated to the counts for which he was convicted. [MIO 2]

**{6}** In *State v. Lacey*, 2002-NMCA-032, ¶ 26, 131 N.M. 684, 41 P.3d 952, we determined that "there was a potential rational trial strategy for not moving to sever the counts[,]" and we stated that "[t]he record reveal[ed] defense counsel's attempt to undermine the credibility of all the charges by trying the weaker counts along with the stronger counts." [MIO 2-3] *See State v. Mares*, 1991-NMCA-052, ¶ 17, 112 N.M. 193, 812 P.2d 1341 (holding that counsel's failure to move for severance was a reasonable trial tactic, in that the record reflected that defense counsel attempted to transfer the lack of the first victim's confidence to the state's entire case). Defendant asks this Court to revisit the holding in *Lacey*. [MIO 3]

**{7}** We decline to revisit *Lacey* or *Mares* at this time. Moreover, based on the information before this Court, we conclude that Defendant has failed to make a prima facie showing of ineffective assistance of counsel, and we therefore deny his motion to amend. If Defendant wishes to pursue the matter further, we suggest that habeas proceedings would be the appropriate avenue. *See generally State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]"); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

**{8}** For the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm Defendant's convictions and deny his motion to amend the docketing statement.

**{9}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**